JOHNSON, Chief Judge.
This is an appeal from final judgment entered as result of a directed verdict by jury in favor of the appellees.
On April 10, 1965, appellees sold and conveyed a residence building to the appellants herein, in which the appellants traded certain property owned by them in Ohio as part payment, and gave a mortgage to a federal savings and loan association for the balance. Within approximately six weeks after the appellants moved into said building, many defects developed which caused cracks in the brick veneer, certain windows and doors refused to open, faulty sealing around bath tubs and tile cracks in the corners, and some paint falling off, together with some other minor grievances. At this point, on June 14, 1965, the appellants and appellees entered into a written agreement in which it was provided that certain of the differences so arisen between the appellants and appellees be corrected as to these specified defects which are mentioned in the written agreement. This was agreed to by both appellants and appellees, each being represented by counsel.
Thereafter, the appellants discovered new structural defects in the house which caused the appellants to retain counsel and to get expert advice, from those familiar *66 with the building processes, including structural foundations. From this advice, the appellants learned that said building had been constructed over a piece of ground which was filled in over organic matters, including stumps and palmetto logs.
Inasmuch as the appellees refused to negotiate further with the appellants, the appellants brought an action in circuit court in which it was prayed for a rescission and cancellation of the warranty deed or in the alternative, for damages. In the complaint the plaintiffs-appellants, inter alia, described the defendants-appellees as developers and building contractors who had knowledge of the fact that the land upon which the building was constructed was inferior and not sufficient to support the residence structure because of organic matters in the soil; that the defendants-appel-lees fraudulently represented to the plaintiffs-appellants that said building was of a sound construction. Said complaint further charged that the defendants knew this soil contained the organic matters and was unfit to support the building. That the representations from the defendants were fraudulent. The said complaint also alleged that the purchase price of said property was originally $20,000, but that because of the defective construction, that said property was of less than $10,000 in value.
The plaintiffs established with competent evidence, the basic allegations of its complaint, but the defendants claimed that the plaintiffs had by their agreement of June 14, 1965 settled all differences between the parties when the defendants agreed to fill the cracks, etc. on the construction, and that the plaintiffs were estopped to maintain this action, and contended that the plaintiffs, by failing to make the thorough inspection of the property prior to purchase, could not thereafter claim damages.
At the close of the plaintiffs’ case, the trial court ruled that the plaintiffs had failed to prove their case and proceeded to direct the jury to enter a verdict for the defendants. Hence this appeal.
We do not agree with the ruling of the trial court.
It appears to this court, from the record on appeal, that the plaintiffs had substantially proven the material allegations of their complaint and that the most substantial defects were discovered after the entry of the June 14, 1965 agreement, when an expert discovered the defects of the structural soil upon which the residence was constructed and that plaintiffs, in our opinion, were not required to go through this much inspection and digging of the foundation before a developer or contractor such as the defendant in this case, would be charged with fraud, or negligence, resulting in damages to the unsuspecting purchasers, as the plaintiffs were in this case.
There were issues of fact in which reasonable men could differ in, and these issues should have been left for the jury to decide. We agree, and so hold, that the trial court should have left these issues to the jury.
We also hold that since the substantial defects were discovered after the date of the June 14, 1965 agreement, the plaintiffs were not estopped to claim relief for the alleged defects.
For the reasons herein stated, said case is hereby reversed, the final judgment set aside, and a new trial granted to the plaintiffs-appellants.
WIGGINTON and SPECTOR, JJ., concur.