PER CURIAM.
This appeal is by the plaintiff below from an adverse judgment entered on final hearing in an action to rescind a sale of a motel. On April 15, 1970, the appellant purchased the motel from the appellees. On December 29, 1970, appellant sued to rescind the sale, alleging it was induced by *886 a fraudulent representation of the sellers as to the amount of the gross rental income therefrom for the year preceding the sale. The trial court held the plaintiff failed to prove the allegations of the complaint.
The appellant contends that holding was against the weight of the evidence. It is disclosed in the record that the trial judge was aware of the recent decision of the Supreme Court holding that only a preponderance or greater weight of the evidence is required to establish fraud. Rigot v. Bucci, Fla.1971, 245 So.2d 51. Therefore, it is to be assumed that the trial judge determined and held that plaintiff’s allegations of fraud were not proved by the preponderance or greater weight of the evidence.
The sellers had represented that the gross rental income of the motel for the prior year was a certain amount. Upon operation of the motel by the purchaser the income production rate was approximately one fourth lower. The plaintiff relied on corroborative evidence from which it could be inferred the rental income during the year prior to the sale was substantially the same as the income production rate experienced by the plaintiff in its operation subsequent to the sale. That was by reference to rental sales tax records for the prior year, and the record of bank deposits of the sellers covering that period. The sellers countered with testimony that rentals received in cash in an amount sufficient to make up the difference were not deposited, but were held out and used by them for their personal expenses and living costs. In corroboration thereof the sellers pointed out that the bank records showed absence of withdrawals for their personal needs, and that they had not possessed other resources from which to defray their personal and living expenses during the period involved.
On that and other conflicting evidence, and the reasonable inferences to be drawn therefrom, it was the province of the trier of the facts, upon judging the credibility of the witnesses and weight of the evidence, to determine its preponderance for the one party or the other. The record does not support the contention of the appellant that the judgment was against the weight of the evidence, or that the decision of the trial court was not supported by competent substantial evidence.
Affirmed.