397 So.2d 1009 (1981)
George D. OUTLAW and Kathleen R. Outlaw, et Ux, Appellants,
v.
Lawrn F. McMICHAEL, Appellee.
No. UU-481.
District Court of Appeal of Florida, First District.
May 5, 1981.
Barne J. Morain, Pensacola, for appellants.
*1010 Alan C. Sheppard of Emmanuel, Sheppard & Condon, Pensacola, for appellee.
ERVIN, Judge.
The Outlaws appeal an order granting McMichael's motion to dismiss their amended complaint with prejudice. Because the appealed order did not state any specific grounds for dismissal, the parties have argued all nine grounds raised in the appellee's motion to dismiss as points on appeal. For the reasons stated infra, we reverse and remand with instructions.
The Outlaws' complaint alleged that during negotiations leading to the purchase of certain rental property from the seller, McMichael, that the latter's real estate agent made certain misrepresentations about the character of the property to be sold, and also alleged that McMichael breached the real estate contract, which was attached to the complaint, but which did not describe the property to be conveyed; instead a space for the property description was left unfilled by the parties. The first ground for dismissal asserted that the complaint failed to state that McMichael authorized or had reason to know of the alleged misrepresentations by a representative of his realtor. The amended complaint clearly alleged that a principal-agency relationship existed between McMichael and his realtor. In the normal real estate transaction, a real estate agent should have at least implied actual authority or apparent authority to make representations concerning the description and characteristics of the property to be sold. At the minimum, we cannot hold as a matter of law that a real estate agent does not have such authority. A principal is responsible for his agent's unauthorized representations, if true representations as to the same matter were within his authority, and if the third party had no notice that the representations were unauthorized. Sun Oil Co. v. Behring Properties, Inc., 480 F.2d 310 (5th Cir.1973).
It can be logically inferred from the allegations in the complaint that the Outlaws did not have notice that the representations made by the realtor were false until they took occupancy of the premises. Moreover, a principal can be held liable for the misrepresentations of his agent notwithstanding his lack of knowledge. See Wheeler v. Baars, 33 Fla. 396, 15 So. 584 (1894).
Points III and IV basically alleged that the complaint should have been dismissed because the warranties represented did not extend beyond the date of closing and that the Outlaws did not make a reasonable, timely inspection. Johnson v. Oliver, 249 So.2d 65 (Fla.1st DCA 1971), is to the contrary, holding that the buyer of real estate was not estopped to claim relief for alleged defects stemming from misrepresentations by the seller, although the buyer and seller had earlier made a written agreement after closing that the seller would remedy certain other minor defects. Finally, the Johnson court held that the reasonableness of a purchaser's inspection of the premises is a jury question. See also Besett v. Basnett, 389 So.2d 995, 998 (Fla. 1980), in which the court reiterated the rule "that a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him." As in Besett, it does not appear from the facts alleged in the complaint before us "that the [buyers] knew that the alleged misrepresentations were false... ."
Point V raised the question whether the appellants' complaint adequately alleged a material misrepresentation by the seller who purportedly had advised the Outlaws that the existing tenants on the purchased property were paying their utilities. The appellee's defense was that since the appellants did not further allege the nature of the tenancies represented, the appellants had no assurance that the tenants would remain, enabling the appellants to require the tenants to pay utilities; therefore, the measure of damages was not ascertainable without pleading how long the landlord had assurance of having the tenants stay. This point also is not grounds for dismissal. The *1011 issue as to certainty of damages is an evidentiary matter. See Butler v. Mirabelli, 179 So.2d 868 (Fla.2d DCA 1965).
Points VI through IX basically involve the issue whether the alleged oral misrepresentations would have been inadmissible under the parol evidence rule because of the following language in the contract:
NO REPRESENTATIONS, guarantees, or warranties of any nature whatsoever which are not herein expressed and been made by any party hereto or their representatives.
* * * * * *

THIS CONTRACT SUPERSEDES AND REPLACES ALL OTHER CONTRACTS.
The above quoted language has been generically referred to as an integration clause. The purpose of such clauses is to affirm the parties' intent to have the parol evidence rule applied to their contracts. The modern trend, however, is for the courts to allow parol evidence, even in cases where a contract contains an integration clause, in order (1) to show that the parties did not intend for such language to be a complete statement of their transactions, see Luther Williams, Jr., Inc. v. Johnson, 229 A.2d 163 (D.C.App. 1967), or (2) to explain an ambiguity in the contract. See Blaha v. Schwartz, 7 Ohio Op.3d 234 (Ohio Com.Pl. 1977). Here the omitted description of the property in the sales contract is the central factual concern in the appellants' claim. Therefore, we hold that the parol evidence rule does not render appellants' complaint defective because the sales contract's incomplete provisions will apparently have to be clarified by parol evidence, a recognized exception to the parol evidence rule. See generally cases cited in 23 Fla.Jur.2d, Evidence, §§ 344, 345 (1980).
In summary, most of the appellee's points raised in his motion for dismissal could be better characterized as affirmative defenses. Our holding does not preclude the appellee from so re-raising these issues, some of which might become viable at a later stage in the proceedings.
Reversed and remanded for further proceedings consistent with this opinion.
SHAW and WENTWORTH, JJ., concur.