426 So.2d 65 (1983)
David PINZL and Diana Pinzl, Appellants,
v.
Donald LAPOINTE and Deliah Lapointe, Appellees.
No. 82-658.
District Court of Appeal of Florida, Fifth District.
February 2, 1983.
*66 Edward A. Broyles, Forest City, for appellants.
Mark O. Cooper of Bornstein, Petree, Brooks, Cooper & Marks, Orlando, for appellees.
SHARP, Judge.
We reverse this judgment which dismissed appellants' amended complaint for failure to state a cause of action in fraud or misrepresentation. The lower court ruled that, because the complaint alleged the appellants knew of a discrepancy between the accountant's figures on gross income and the appellees' figures, as a matter of law they waived their claim against appellees. Reliance on misrepresentations and a duty to inquire are usually determinations for the trier of fact.[1] Here the complaint further alleged that the appellants were repeatedly assured that the appellees' figures on gross income were correct  not the accountant's. Accordingly, the judgment is reversed and this cause remanded.
REVERSED AND REMANDED.
DAUKSCH, J., and BROWNLEE, JACKSON O., Associate Judge, concur.
NOTES
[1] See, e.g., Regnvall v. Sayle, 45 So.2d 674 (Fla. 1950); Butts v. Dragstrem, 349 So.2d 1205 (Fla. 1st DCA 1977); Cath-Art Products Co., Inc. v. Bornman, 260 So.2d 885 (Fla. 3d DCA 1972); Gonzalez v. Patane, 234 So.2d 8 (Fla. 3d DCA 1970); Warner v. Harris Miami Beach, Inc., 219 So.2d 93 (Fla. 3d DCA 1969).