445 So.2d 1113 (1984)
John William ST. CLAIR and Thelma Elizabeth St. Clair, Appellants,
v.
Victor S. SMITH and Mary A. Smith, Appellees.
No. 83-339.
District Court of Appeal of Florida, Second District.
February 29, 1984.
E. Summers Sheffey, Dade City, for appellants.
A.P. Gibbs of Gibbs, McAlvanah & Hanson, P.A., Dade City, for appellees.
RYDER, Judge.
The St. Clairs timely appeal from the trial court's entry of a final summary judgment *1114 in favor of the Smiths, the plaintiffs below. In granting the Smiths' motion for summary judgment, the trial court held that the Smiths were owners in fee simple of real property situated in Pasco County, Florida, by virtue of adverse possession without color of title; title in the property was thereby quieted in the Smiths. The court found that the Smiths have an easement by prescription for ingress and egress over and across a portion of the St. Clairs' adjacent property. It was also held that a fence which separates the lands of the parties "has been recognized and acquiesced in by all of the parties and their predecessors in title since at least the year 1922," and the fence has become the boundary line between the respective parcels of the parties by acquiescence.
The Smiths raised various claims before the trial court. The St. Clairs disputed the claims and made various allegations supporting their own contentions. The trial court had before it, in addition to the pleadings, affidavits and depositions of the parties and several witnesses. Surveys of the property were presented, and challenged, as were aerial photographs. Similarly, factual issues were raised as to the existence and location of fences on the property, improvements made on the land, the exercise of control over the land, and the payment of taxes on the property.
After a careful review of the record and the arguments of the parties, we are led to the conclusion that the trial court improperly weighed the evidence presented on the motion. The law is clear that summary judgment is not a substitute for trial. A motion for summary judgment is only to be granted when it is shown that there are no genuine issues of material fact presented in the pleadings and other evidence before the trial court, and the movant is entitled to judgment as a matter of law. L & S Food Services, Inc. v. Roberts Cafeteria, Inc., 422 So.2d 45 (Fla. 2d DCA 1982); Monroe v. Appelton, 419 So.2d 356 (Fla. 2d DCA 1982); Burkett v. Parker, 410 So.2d 947 (Fla. 1st DCA 1982). The Smiths have not carried the burden which would support summary judgment.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SCHEB, A.C.J., and SCHOONOVER, J., concur.