511 So.2d 433 (1987)
Eric RICHARDS and Ronald R. Richards, Appellants,
v.
Barry A. WAX, Appellee.
Nos. 86-156, 86-1714.
District Court of Appeal of Florida, Second District.
August 12, 1987.
William Newt Hudson and Mary H. Klimis of Yanchuck, Thompson, Young, Berman & Latour, P.A., Tarpon Springs, for appellants.
Paul Castagliola of Riden, Watson & Goldstein, P.A., St. Petersburg, for appellee.
RYDER, Judge.
Appellants brought an action against appellee concerning a real estate transaction. Count I alleged fraud and deceit, Count II alleged professional negligence and Count III alleged negligence. The trial court first granted appellee's motion for summary judgment as to Counts I and III, and appellants filed a notice of appeal. Later, the trial court granted appellee's motion for summary judgment as to Count II, and entered a final judgment against appellants. Appellants appealed the second summary judgment. The appeals are consolidated here.
We have considered the record, the briefs and oral arguments of the parties *434 and determine that entry of summary judgment as to Counts II and III is correct. We affirm the trial court's entry of summary judgment as to Counts II and III. However, we hold the trial court erred in entering summary judgment as to Count I, which alleged fraud and deceit.
"[F]raud is not ordinarily a suitable subject for summary judgment." Levey v. Getelman, 408 So.2d 663, 665 (Fla. 3d DCA 1981). "[I]t is a subtle thing requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud." Amazon v. Davidson, 390 So.2d 383, 385 (Fla. 5th DCA 1980). Unresolved issues exist relative to appellee Wax's failure to disclose to appellants the existence of a mortgage listed on the title insurance binder in Wax's possession. We reverse the trial court's entry of summary judgment as to Count I and remand with instructions that the case proceed to trial.
Affirmed in part; reversed in part and remanded with instructions.
DANAHY, C.J., and CAMPBELL, J., concur.