538 So.2d 1387 (1989)
David U. YOUNG and Sylvia W. Young, Appellants,
v.
Ralph K. JOHNSON, George Tankersley, and Marian Inc. Realtors, a Florida Corporation, Appellees.
No. 88-826.
District Court of Appeal of Florida, Second District.
March 3, 1989.
*1388 Urban J.W. Patterson, St. Petersburg, for appellants.
John C. Lenderman of Harris, Barrett, Mann & Dew, St. Petersburg, for appellees.
SCHOONOVER, Acting Chief Judge.
The appellants, David and Sylvia Young, seek review of an adverse final summary judgment in their action against the appellees, Ralph K. Johnson, George Tankersley, and Marian Inc. Realtors. We find that the trial court erred in granting the appellees' motion for summary judgment and, accordingly, reverse.
The Youngs entered into a contract for the purchase of certain real property from the estate of Anna C. Johnson. Ralph Johnson served as personal representative of the estate. The property was offered for sale by Marian Inc. Realtors, and George Tankersley was the listing agent. After the sale was consummated, the property flooded several times and the Youngs, claiming that the property was uninhabitable, filed the instant action. The Youngs claimed that Tankersley and Marian were liable on the theories of negligence and fraudulent misrepresentation and further claimed that Johnson was individually liable[1] on the theory of fraudulent concealment. The appellees moved for summary judgment, and the trial court entered a final summary judgment in their favor. This timely appeal followed.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). See also, Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The burden, furthermore, is on the party moving for summary judgment to demonstrate conclusively that the nonmoving party cannot prevail. Snyder.
The summary judgment contains the finding that neither Johnson nor Tankersley *1389 knew of facts materially affecting the value of the property. A review of the record, however, reflects that Johnson may have had prior knowledge regarding the propensity of the property to flood. Since the record reflects the possibility that Johnson possessed such knowledge and a court deciding a motion for summary judgment must draw every inference in favor of the nonmoving party, the trial court erred in weighing the evidence on this issue. See Moore v. Morris, 475 So.2d 666 (Fla. 1985); St. Clair v. Smith, 445 So.2d 1113 (Fla. 2d DCA 1984). See also, Johnson v. Davis, 480 So.2d 625 (Fla. 1985) (seller of real property has duty to disclose to buyer facts materially affecting value of property which are not readily observable and are not known to buyer). Although the record does not reflect that Tankersley had actual knowledge of the propensity of the property to flood, the "knowledge" element of the Youngs' fraudulent misrepresentation count can also be established by proof that Tankersley made a material false representation without knowledge of its truth or falsity, or under circumstances which he should have known of its falsity. See Joiner v. McCullers, 158 Fla. 562, 28 So.2d 823 (1947). We find sufficient evidence in the record to reveal a genuine issue of material fact regarding Tankersley's knowledge.
The trial court also found that the Youngs had been warned of the possibility of flooding by a neighbor and that the alleged flooding of the property was readily observable to and was known to the Youngs both at the time the parties entered into the contract and at the time of sale. The record, however, contains conflicting evidence on these issues and the trial court, therefore, erred by weighing the evidence in making its determination. Summary judgment is not a substitute for a trial. St. Clair. This conflicting evidence created other genuine issues of material fact, such as whether the Youngs acted in reliance on Tankersley's alleged statements. See Johnson; Besett v. Basnett, 389 So.2d 995 (Fla. 1980); H & W Enters., Inc. v. Ellis, 467 So.2d 790 (Fla. 1st DCA 1985). See also, Pinzl v. Lapointe, 426 So.2d 65 (Fla. 5th DCA 1983).
In light of the many issues of material fact in this case, the appellees clearly did not carry their burden of demonstrating that the Youngs could not prevail. See Snyder. See also, Richards v. Wax, 511 So.2d 433 (Fla. 2d DCA 1987). We, accordingly, reverse and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
PARKER and PATTERSON, JJ., concur.
NOTES
[1] See § 733.619(2), Fla. Stat. (1983). See also, Zeleny v. Karnosh, 224 Or. 419, 356 P.2d 426 (1960).