PER CURIAM.
The appellant and Palmetto Associates entered into a contract for the purchase of sale of certain real estate. The contract provided that Palmetto, at its expense, would “fill and demuck” the property, and would secure a certified soil engineer report as to compliance with this provision. Wingerter Laboratories, Inc. was employed as the certified soil engineer. They rendered a report prior to its due date which had a clause which reads as follows:
“In our professional opinion, the test boring program and resulting subsurface data represent a less than prudent level of investigation for design purposes considering the magnitude of the proposed structures. Hence, this report constitutes a preliminary level study only and must be confirmed and augmented by obtaining additional subsurface data. WINGERTER offers no warrantee, expressed or implied, that the materials or conditions other than those revealed in the test borings will not be encountered, nor that the relative proportions and density of the materials will not vary from those reported.”
The transaction then closed. Subsequently Dynamic, as plaintiff, filed an action sounding in damages against the seller for breach of contract, negligence, and fraud; and against Wingerter for an alleged breach of a contract wherein Dynamic was a third party beneficiary. The trial court granted motions to dismiss as to all defendants and this appeal ensued. We reverse as to the complaint so far as it relates to the seller, Clements v. Leonard, 70 So.2d 840 (Fla.1954); Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980); Beefy *1006 Trail, Inc. v. Beefy King International, Inc., 267 So.2d 853 (Fla. 4th DCA 1972); Miller v. Rolfe, 97 So.2d 132 (Fla. 1st DCA 1957), and also as it relates to the complaint against Wingerter, Besett v. Basnett, 389 So.2d 995 (Fla.1980); Johnson v. Davis, 449 So.2d 344 (Fla. 3d DCA 1984), approved 480 So.2d 625 (Fla.1985); Outlaw v. McMichael, 397 So.2d 1009 (Fla. 1st DCA 1981). We do not agree that the above quoted clause released Wingerter from matters in the report which were alleged to be false. Young v. Johnson, 538 So.2d 1387 (Fla. 2d DCA 1989); Pinzl v. LaPointe, 426 So.2d 65 (Fla. 5th DCA 1983); Outlaw v. McMichael, supra.
We also do not find merit in the seller’s argument that a clause limiting the time for filing the soil report limited remedies for breach of the purchase and sales agreement.[1]
Therefore, for the reasons stated the matter is returned to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded with directions.

. This provision only related to an option of the purchaser to void the agreement if the report was not received by a date certain. It did not foreclose any cause of action, either under the original contract or the contract with the soil professional or any other cause of action that the purchaser might be entitled to assert.