[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Pursuant to Super. Ct. R. Civ. P. Rule 59, defendants Anna F. DiMuccio and Anthony Ciaramello have moved for a reconsideration of this court's grant of summary judgment in favor of defendant Gladys D'Ambra.
BACKGROUND
At issue in this case is title to three savings accounts maintained at People's Bank (the plaintiff) by the decedent Bartholomeo (Frank) Ciaramello, father of the three defendants. Defendant D'Ambra claims that since two of the three accounts bear her name as joint holder, title for those two accounts should pass to her pursuant to the decedent's will. Pike v.Pike, 574 A.2d 741 (R.I. 1990), supports her proposition that when a will directs the executor to distribute funds to the survivor of a joint savings account, the executor shall distribute the funds accordingly.
Alternatively, Defendants DiMuccio and Ciaramello, co-executors of the decedent's estate, claim that Pike is inapplicable because Gladys D'Ambra and her husband, Gabriel, used undue influence and fraud to add her name to the accounts. The executors argue that because the D'Ambras used fraud to create joint accounts, the funds should be distributed according to the residual property clause (i.e., to each child equally) and not according to the joint accounts clause.
DISCUSSION
Summary judgment is a drastic measure which should be granted only when examination of the evidence "reveals no issue of material fact, and the moving party is entitled to judgment as a matter of law." O'Hara v. John Hancock Mutual Life InsuranceCo., 574 A.2d 135, 136 (R.I. 1990). When reviewing a motion for summary judgment, the court may not consider the weight or credibility of the evidence. Mullins v. Federal Dairy Co.,568 A.2d 759, 761 (R.I. 1990). Courts shall view the evidence in the light most favorable to the opposing party.
The party in opposition to the motion for summary judgment bears the burden of proving the existence of a dispute of a material fact. Trend Precious Metals v. Sammartino,577 A.2d 986 (R.I. 1990). The non-moving party must present competent evidence to support his objection and may not simply "rest upon the mere allegations or denials of his pleadings." Steinberg v.State, 427 A.2d 338, 340 (R.I. 1981).
To support their claim of fraud and undue influence, the defendants, DiMuccio and Ciaramello, allege that the D'Ambras persuaded the decedent to open the savings accounts in question as joint savings accounts, with the understanding that the funds would be distributed equally amongst the children at the death of the decedent. A careful examination of the affidavits and depositions, in the light most favorable to the opposing party, reveals evidence to support this claim.
According to the executors' evidence, the decedent, shortly before his death, when he was very ill and of weak mind, lived in Florida with the D'Ambras. (Affidavit of Frank Ciaramello, p. 3, Deposition of Gabriel D'Ambra, December 1990, Vol. IV p. 31). Because of the decedent's health, the D'Ambras actively participated in the management of the decedent's affairs (Dep. of Gabrial D'Ambra, Vol. IV, P. 202-205). The D'Ambras involved themselves in the decedent's purchase of property in Florida and the decedent's opening of savings accounts in both Florida and Rhode Island. The D'Ambras accompanied the decedent on trip to Rhode Island to open the accounts (Dep. of Gabriel D'Ambra p. 524-525).
Gladys D'Ambra was named joint owner of the property in Florida and the accounts in Florida and Rhode Island. Both Gladys and Gabriel prepared transaction slips for the accounts in question (Dep. of Gabriel D'Ambra, p. 340-346).
Mr. D'Ambra admitted under oath that the money in the accounts "didn't belong" to Gladys and that they never "realized" that Gladys would obtain the funds to the exclusion of the others.
ANALYSIS
Generally summary judgment is inappropriate in a fraud or undue influence claim since resolution of the complaint is dependent on the state of mind or intent of the parties.Richards v. Wax, 511 So.2d 433 (Fla 2nd DCA 1978); Shebar v.Sanyo Business Systems Corp., 544 A.2d 377 (N.J. 1988);Stephanischen Merchants Despatch Transportation Corporation722 F.2d 922, 928 (1st Cir. 1983). Summary judgment would only be appropriate if the fraud claim were supported by bare accusations. Steinberg v. State, Supra 427 A.2d at 340. The facts alleged by defendants DiMuccio and Ciaramello and supported by their pleadings, affidavits and depositions constitute more than mere speculation when viewed in the light most favorable to them. While the evidence submitted by the executors is circumstantial, the finder of fact may consider such evidence in cases of fraud. Fricke v. Fricke, 491 A.2d 990, 994 (R.I. 1985).
For summary judgment purposes, this court cannot weigh the credibility of the evidence presented. It is not within the province of this court at this time to decide whether D'Ambras unduly influenced the decedent or made false representations. What this court does find is that defendants DiMuccio and Ciaramello have produced sufficient evidence to demonstrate a genuine dispute of a material fact: namely, whether defendant used undue influence or fraud to obtain her name on the decedent's joint accounts. For summary judgment purposes, the defendants have met their burden.
After careful reconsideration of the pleadings, affidavits and depositions submitted and the arguments of counsel, this court finds that there remains a material issue of fact to be resolved. Accordingly, this court vacates its earlier grant of summary judgment in favor of defendant D'Ambra. Counsel shall prepare an order in conformity with this decision.