**In re Stephen E. BROWN, Debtor.**

**Ernest M. REINA and Erminia M. Reina, Plaintiffs,**

v.

**Stephen E. BROWN, Defendant.**

**Bankruptcy No. 92–11701–8P7. Adv. No. 92–895.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 3, 1993.

---

Ralph P. Mangione, Tampa, FL, for plaintiffs.

George Allen DuFour, Tampa, FL, for defendant.

## FINDINGS OF FACTS, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration are claims set forth in a four Count Complaint in which Ernest M. Reina and Erminia M. Reina (Plaintiffs) seek an Order to deny the debtor's discharge pursuant to § 727(a)(2), (a)(5). The Plaintiffs also seek a determination that the debt due and owing from the Stephen E. Brown (Debtor) to the Plaintiffs is non-dischargeable pursuant to § 523(a)(2)(A). In due course, the Complaint was set for final evidentiary hearing. At the conclusion of the hearing, the Debtor moved for involuntary dismissal of the § 727 counts, which this Court granted. This leaves for consideration the claim of non-dischargeability set forth in Count I based on § 523(a)(2)(A) of the Bankruptcy Code. The facts relevant to resolution of this matter, as established at the final evidentiary hearing and by the record, are as follows:

Prior to the commencement of the case, the Debtor owned a residential home located in Hillsborough County, Florida. In 1987, the Debtor decided to place the property on the market and gave an exclusive right to sell the property to Kenneth J. Snyder (Snyder), a registered real estate broker. On July 21, 1987, the Debtor entered into a contract obtained by Snyder to sell the property to the Plaintiffs, for $114,000.00. According to the Plaintiffs, prior to the closing of the contract, the Plaintiffs questioned Snyder about the propensity of the house for flooding, to which, according to the Plaintiff, Snyder represented that the house had only flooded once during Hurricane Elena. The Plaintiffs proceeded with the closing of the contract and purchased the property on September 3, 1987. On July 19, 1988 and August 11, 1988, the house flooded during moderate rainstorms.

Based upon the foregoing, the Plaintiffs contend that the Debtor, through his agent Snyder, materially misrepresented facts, i.e., the propensity of the home to flood, upon which the Plaintiffs relied in purchasing the property, and thus, the debt owed to them by

the Debtor for an unspecified amount of damages should be determined to be nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code. In opposition, the Debtor contends that he made full disclosure to his listing real estate agent as to the susceptibility to flood of the property, and if any misrepresentations were made, they were made by Snyder, and not by him and Snyder was not authorized to make any representation, and therefore, he is not liable to the Plaintiffs in any amount and even if he is, this could not be a non-dischargeable debt based on § 523(a)(2)(A).

Section 523 of the Bankruptcy Code provides the circumstances under which a particular debt will be excepted from a debtor's discharge. Subsection (a)(2)(A) deals with fraudulent conduct by the debtor and provides in pertinent part as follows:

§ 523. Exceptions to Discharge

(a) A discharge under ... this title does not discharge an individual debtor from and debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

. . . .

■ To succeed on a claim under this Section, a creditor must prove that:

(1) the debtor made a false representation with the purpose and intention of deceiving the creditor;

(2) the creditor relied on such representation;

(3) the reliance was reasonably founded; and

(4) the creditor sustained a loss as a result of the representations.

*In re Graham,* 122 B.R. 447, 450 (Bankr. M.D.Fla.1990). The party claiming the exception to discharge has the burden of proving each of the elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

It cannot be gainsaid that in this State, a principal is responsible for his agent's unauthorized representations, if true representations as to the same matter were within his authority granted to the agent, and if the third party had no notice that the representations were unauthorized. *Outlaw v. McMichael,* 397 So.2d 1009, 1010 (Fla. 1st DCA 1981).

■ Based on this, one may readily conclude that the Debtor may very well be liable for the alleged misrepresentation by Synder. However, establishing liability of the Debtor is a far different issue from establishing the character of the liability, i.e. whether the liability is dischargeable or nondischargeable. Thus, although the Debtor may be liable to the Plaintiffs it does not follow that the liability is one which should be excepted from the general protective provision of the general discharge. It is without dispute that the Debtor never had any contact with the Plaintiffs, that the Debtor, of course, never made any misrepresentation to the Plaintiffs even indirectly, or that he authorized or condoned any alleged misrepresentation by Synder if one was, in fact, made. This record is devoid of any evidence that the Debtor himself took any actions to mislead the Plaintiffs, or had directed Synder to misrepresent the structural integrity of the house especially that the house did not have the tendency to flood. This being the case, this Court is satisfied that the Plaintiffs have not met their burden of proof to establish a viable claim under § 523(a)(2)(A), and it is appropriate to find for the Debtor on this claim. A separate Final Judgment will be entered in accordance with the foregoing.