676 So.2d 437 (1996)
Mark DORTON and Marlene Dorton, Appellants,
v.
Richard JENSEN and Julie Jensen, Appellees.
No. 95-01739.
District Court of Appeal of Florida, Second District.
February 16, 1996.
*438 Jack D. Hoogewind, Ridge Manor, for Appellant.
Robert H. MacKenzie, Wesley Chapel, for Appellee Richard Jensen.
No appearance for Appellee Julie Jensen.
LAZZARA, Judge.
The appellants, Mark Dorton and Marlene Dorton (the Dortons), challenge the trial court's final judgment, rendered after a nonjury trial, denying their claim for rescission of a real estate transaction involving residential property purchased from the appellees, Richard Jensen and Julie Jensen (the Jensens), and granting a counterclaim for foreclosure of a purchase money mortgage. Because the trial court's judgment was induced by its erroneous view of the law announced in Johnson v. Davis, 480 So.2d 625 (Fla. 1985), we reverse and remand for a new trial.[1]
The evidence presented to the trial court established the following undisputed material facts germane to our resolution of this case. The Jensens purchased the residence in December of 1989 for $42,500 and sold it to the Dortons in September of 1993 for $69,500. The Dortons made a down payment of $6,950 and secured the balance of $62,550 with a purchase money mortgage in favor of Mr. Jensen.
The Jensens testified that while living in the home water came under the back door sill during heavy rainfalls on three or four occasions. According to Mrs. Jensen, the water level caused by these rains was such that water would rush from the street, come into the yard, and hit the side of the home, causing a water mark to be left along one wall. Mr. Jensen further related that after the water receded, he found remnants of cigarettes all over the yard.
In the summer of 1992, Mr. Jensen attempted to remedy the water intrusion problem, which he characterized as minor, by caulking the bottom of the door sill with silicone. He, as well as Mrs. Jensen, testified that this procedure corrected the problem, and they never experienced any further water intrusion.
Neither of the Jensens were able to testify, however, that they ever advised the Dortons of the flooding problems attendant to the home. Furthermore, after an insurance agent advised Mr. Dorton prior to the sale of the home that flood insurance coverage was not available through the agent's company, Mr. Dorton asked Mrs. Jensen whether he should seek such coverage through FEMA, the federal flood insurance program. Mrs. Jensen responded that such coverage was unnecessary because she and her husband had never experienced high water at the home. Furthermore, it was undisputed that the Dortons had no prior knowledge of any flooding problem at the home and that had *439 they known of this problem they would not have purchased the home.
After moving into the home, the Dortons experienced severe flooding during the course of heavy rainfalls on several occasions. This flooding caused substantial damage to the home and its contents and required the Dortons on two occasions to vacate the home on a temporary basis. After the first flood, Mr. Dorton called Mrs. Jensen and asked if the home had ever flooded. She denied that it ever had. Eventually, the Dortons ceased making the mortgage payments and later filed suit seeking rescission of their real estate transaction with the Jensens, alleging, consistent with Johnson, that the Jensens failed to disclose that the property had a latent flooding problem which materially affected its value.[2] Mr. Jensen responded by counterclaiming for foreclosure of the purchase money mortgage.
In denying the Dortons' claim for rescission, the trial court acknowledged that Johnson controlled the disposition of the case. Although it determined that the Jensens did represent to the Dortons "that they had no serious water problems and that it was not necessary to buy flood insurance[,]" the trial court ultimately concluded that the Jensens had not engaged in any concealment of facts regarding flooding problems at the home because they had only experienced "minor water damage." It is apparent, therefore, that the trial court measured the Jensens' duty of disclosure in terms of the damage caused them by the high water. We conclude that this pivotal determination was not in accord with the test of Johnson.
In Johnson, the Florida Supreme Court promulgated a broad-based rule, rooted in notions of modern justice and fair dealing, that "where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer." 480 So.2d at 629 (emphasis added). It applied this duty of disclosure "to all forms of real property, new and used." Id. This holding, derived from other jurisdictions, effectively placed a "harness" on the doctrine of caveat emptor within the context of the sale of a home and "resulted in the seller of a home being liable for failing to disclose material defects of which he is aware." 480 So.2d at 628. Furthermore, Johnson's duty of disclosure extends to latent flooding problems. Id. at 629; Young v. Johnson, 538 So.2d 1387 (Fla. 2d DCA 1989).
It is clear, therefore, that a seller's liability under Johnson is measured against whether the seller possessed knowledge of material facts affecting the value of property which were not disclosed to an unsuspecting buyer. The test for determining the materiality of a fact in transactions of this nature is whether that fact "substantially affects the value of the property." Revitz v. Terrell, 572 So.2d 996, 998 (Fla. 3d DCA 1990).
In this case, as noted, the trial court's primary focus was on the damage experienced by the Jensens. It never addressed the critical issue of whether the facts known to the Jensens regarding the high water problems at the home, in and of themselves, were material facts which substantially affected the value of the property such that they should have been disclosed to the Dortons. The trial court's failure in that regard is especially critical in light of the Dortons' unrefuted testimony that they would not have purchased the home had they known of these problems. Id. at 998 (citing Hauben v. Harmon, 605 F.2d 920, 924 (5th Cir.1979), for the proposition that under Florida law a fact is material if, but for the misrepresentation, the aggrieved party would not have entered into the contract); accord Atlantic Nat'l Bank of Florida v. Vest, 480 So.2d 1328, 1332 (Fla. 2d DCA 1985), review denied, 491 So.2d 281 (Fla.1986) and 508 So.2d 16 (Fla.1987).
Accordingly, because the trial court misapplied the law of Johnson to the established facts, we must reverse and remand for a new *440 trial consistent with the views expressed in this opinion.
Reversed and remanded for new trial.
PARKER, A.C.J., and BLUE, J., concur.
NOTES
[1] Holland v. Gross, 89 So.2d 255, 258 (Fla.1956) (misapplication of law to established facts renders decision of trial court made in nonjury setting clearly erroneous requiring appellate court to reverse).
[2] Prior to trial, the Dortons abandoned their claims based on fraudulent and negligent misrepresentations.