702 So.2d 1316 (1997)
Michael and Susan RIBAK, Harlan and Laurie Singer, Dana and Peggy Champa, Charles and Jean Cox, Pearl Erenstein, Peter and Theresa Irwin, Ronald and Dorene Kaplan, Joseph and Catherine Nochella, Eldon and Paula Wonacott, Joel and Carol Jacobsen, Ross and Geraldine Dieffenbacher, Hernando and Sylvia Lopez, John and Pauline Cerasani, Stacey and Brenda Goodson, Tomas and Carol Steg, Roobik and Barbara Hartoonian, Louis and Marion Sica, and Richard and Sandy Gold, Appellants,
v.
CENTEX REAL ESTATE CORPORATION, et al., Appellees.
No. 96-3466.
District Court of Appeal of Florida, Fourth District.
November 19, 1997.
Rehearing, Rehearing and Certification Denied January 16, 1998.
George P. Ord of George P. Ord, P.A., and Gene D. Lipscher of Alley, Maass, Rogers & Lindsay, P.A., Palm Beach, for appellants.
Elliot H. Scherker of Greenberg Traurig Hoffman Lipoff Rosen & Quentel, P.A., Miami, and Mark F. Bideau and Elizabeth A. Rogers of Greenberg Traurig Hoffman Lipoff Rosen & Quentel, P.A., West Palm Beach, for appellees.
Rehearing, Rehearing En Banc and Certification Denied January 16, 1998.
SHAHOOD, Judge.
Appellants seek review of the trial court's order granting partial final summary judgment against eighteen of the twenty-two residential home buyers in their action for fraud, conspiracy, negligent supervision, breach of duty to disclose material facts, negligent misrepresentation, and violation of the Florida Land Sales Practices Act against the developer/sellers.
Having reviewed the entire record, we affirm the trial court's order granting partial final summary judgment as to Centex Corporation, CTX Mortgage Company, Metropolitan Title & Guaranty Company, and Jeff Agar, individually. There were no allegations by appellants that any representations were made by these appellees nor does the complaint set forth sufficient allegations to give rise to a duty to disclose as to these appellees.
*1317 We reverse and remand, however, the order granting partial final summary judgment in favor of Centex Real Estate Corporation, Selma Wilson, individually, and Sandra Lasoff, individually.
Rule 1.510(c) of the Florida Rules of Civil Procedure governs the use of summary judgments. This rule mandates that a party moving for summary judgment must conclusively show the absence of any genuine issue of material fact and obligates the trial court to draw every possible inference in favor of the party against whom a summary judgment is sought. See Moore v. Morris, 475 So.2d 666 (Fla.1985). If the evidence raises any issues of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by the jury. Id. at 668.
McDonald v. Florida Dep't of Transp., 655 So.2d 1164, 1167-68 (Fla. 4th DCA 1995).
In reviewing a trial court's decision to grant a motion for summary judgment, the appellate court "must draw every possible inference in favor of the party against whom summary judgment is granted." DuBois v. Amestoy, 652 So.2d 919, 920 (Fla. 4th DCA 1995)(citing Williams v. Bevis, 509 So.2d 1304, 1306 (Fla. 1st DCA 1987)).
In this case, the twenty-two residential home buyers brought suit against the developer/seller for fraud, conspiracy, negligent supervision, breach of duty to disclose material facts, negligent misrepresentation, and violation of the Florida Land Sales Practices Act for conditions located off their property that affected their property. Appellants alleged that adjacent to the southern boundary of the property is a plant which treats both fresh or potable water and wastewater. Appellants further alleged that certain representations and statements were made by Selma Wilson and Sandra Lasoff individually and on behalf of Centex Real Estate Corporation that was the basis of their cause of action.
The question resolved by the trial court in this case was whether the statements and representations made by those appellees that the facility was a "water treatment plant," as opposed to a statement that a facility was a "water treatment and wastewater treatment plant" (emphasis added), constitutes a material misrepresentation. We find that the issue of materiality was one for a jury. McDonald, 655 So.2d at 1168.
In this case, the trial court in ostensibly following Johnson v. Davis, 480 So.2d 625 (Fla.1985), found that Johnson did not impose on a seller of property the obligation to disclose conditions which are off the property itself, and further did not impose a duty to disclose conditions which are open and obvious. The trial court specifically declined to follow Strawn v. Canuso, 140 N.J. 43, 657 A.2d 420 (1995), finding that "that case involved an extreme set of facts involving a toxic landfill and further finding that it is not consistent with the law of this State."
Under Florida law, a fact is material if, but for the misrepresentation, the aggrieved party would not have entered into the contract. See Hauben v. Harmon, 605 F.2d 920, 924 (5th Cir.1979); accord Atlantic Nat'l Bank of Florida v. Vest, 480 So.2d 1328, 1332 (Fla. 2d DCA 1985), review denied, 491 So.2d 281 (Fla.1986), and review denied, 508 So.2d 16 (Fla.1987).
The trial court in this case did not consider the case of Dorton v. Jensen, 676 So.2d 437 (Fla. 2d DCA 1996), which we find to be instructive and applicable. In Dorton, damage was caused by water rushing from the street (off the property), into the yard and hitting the side of the home causing a water mark on the property. In reversing the trial court's judgment in favor of the sellers, the Dorton court stated:
In Johnson, the Florida Supreme Court promulgated a broad-based rule, rooted in notions of modern justice and fair dealing, that "where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer." 480 So.2d at 629 (emphasis added). It applied this duty of disclosure "to all forms of real property, new and used." See id. This holding, derived from other jurisdictions, effectively placed a "harness" on the doctrine of caveat emptor within the context of the sale of a home and "resulted in the seller of a home being liable for failing to disclose material defects of which he is aware." 480 So.2d at 628. Furthermore, Johnson's duty of disclosure extends to latent flooding problems. Id. at 629; *1318 Young v. Johnson, 538 So.2d 1387 (Fla. 2d DCA 1989). It is clear, therefore, that a seller's liability under Johnson is measured against whether the seller possessed knowledge of material facts affecting the value of property which were not disclosed to an unsuspecting buyer.
Id. at 439.
We accordingly affirm in part and reverse and remand in part the order granting partial final summary judgment.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
STONE, C.J., and POLEN, J., concur.