501 S.E.2d 187

**William DARRISAW and Jane Darrisaw, Appellants,**

**v.**

**OLD COLONY REALTY COMPANY, a Real Estate Sales Corporation Doing Business in West Virginia, and Frank Giudice and Betty Jo Giudice, Individually and as Agents of Old Colony Realty Company, Appellees,**

**v.**

**Hersel L. COTTRILL, Doing Business as the Cottrill Agency, a Real Estate Business in the State of West Virginia, Third–Party Defendant Below, Appellee.**

**No. 24085.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 1997.

Decided Dec. 17, 1997.

Robert G. Wolpert, Charleston, for the Appellant.

William E. Hamb, Christopher L. Hamb, Hamb & Poffenbarger, Charleston, for Appellee Old Colony Company.

Philip B. Hereford, Hereford & Hereford, Charleston, for Appellees Giudices.

W. Bradley Sorrels, Joseph S. Beeson, Robinson & McElwee, Charleston, for Appellee Cottrill.

PER CURIAM:[1]

William Darrisaw and Jane Darrisaw (hereinafter "Appellants" or "Buyers") appeal a February 23, 1996, decision of the Circuit Court of Kanawha County granting summary judgment to Frank Giudice and Betty Jo Giudice (hereinafter "Appellees" or "Sellers") and Old Colony Realty Company (hereinafter "Appellees" or "Old Colony"). The Appellants contend that the lower court erred in granting summary judgment where genuine issues of material fact exist regarding the alleged failure of the Sellers and Old Colony to disclose the existence of structural defects in a residence purchased by the Appellants. We affirm in part, reverse in part, and remand.

I.

On August 31, 1986, the Appellants purchased a twenty-year-old home located at 1382 Nottingham Road in the Sherwood Forest subdivision in Charleston, West Virginia. Mrs. Betty Jo Giudice, a co-owner of the home, functioned as the selling broker and worked as an independent contractor with Old Colony.[2] Mr. Hersel L. Cottrill of Cottrill Agency, served as the Buyers' agent.

During the summer of 1989, three years after the purchase of the home, the Appellants discovered a crack in the foundation.[3]

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per Curiam opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta....* Other courts, such as many of the United States Circuit Court of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.")

2. Old Colony emphasizes Mrs. Giudice's status as an independent contractor, rather than an agent of Old Colony. Based upon that status, Old Colony contends that it would not incur liability even if Mrs. Giudice actually made a misrepresentation or failed to disclose a latent defect.

3. The Appellants moved into the home in late 1986. During June 1989, Mr. Darrisaw noticed some difficulty in closing the door leading from the garage into the home. In November 1989,

The Appellants thereafter contacted the Sellers and attempted to negotiate a settlement. These negotiations apparently failed, and on April 18, 1991, the Appellants initiated a civil action alleging false and intentional misrepresentation, negligent misrepresentation, negligence on the part of the selling broker to inspect, and civil conspiracy. Specifically, the Appellants alleged that a false curtain wall had been constructed in the garage over the face of the original foundation wall to conceal a structural defect in the foundation. In a March 1990 report, engineer Robert L. Wolfe noted that his examination of the foundation wall on the left side of the garage revealed a false curtain wall erected on the inside face of the original exterior block wall "in an effort to conceal what is probably a serious failure of the original wall."

The Sellers denied the allegations of the complaint and cross-claimed against Old Colony. Old Colony then cross-claimed against the Sellers and filed a third party complaint against Mr. Cottrill, the Appellants' agent. In a deposition of a construction expert, Mr. Robert Grass of Westar Construction, Mr. Grass opined that the home appeared to have been "very poorly maintained" by the Appellants, that the gutters were clogged, and that the downspout drain discharged into a splash block rather than being piped away from the house.

Ms. Marlene Cruickshank, an appraiser, testified that the home was immaculate at the time of sale, and specifically noted that the home was in "very good condition" with "quality construction." In an August 26, 1986, appraisal, Ms. Cruickshank stated, "The subject property is in very good condition and there were no signs of physical or functional inadequacy." Structural engineer Mr. William Haworth also testified regarding

the condition of property at time of sale and noted that the property was in good condition as of April 21, 1986.

On February 23, 1996, in response to separate motions for summary judgment filed by the Sellers and Old Colony, the lower court granted both motions for summary judgment and dismissed the case. The lower court found that the Appellants had failed to establish a genuine issue of material fact regarding the existence of a latent defect in the home at the time of the sale and further held that neither the Sellers nor Old Colony made any misrepresentation concerning the physical and/or structural condition of the home.

II.

The Appellants assert that the lower court erred in ruling that there was no evidence that the Sellers or Old Colony made misrepresentation to the Appellants. Specifically, the Appellants assert that the lower court inadequately dealt with the issue of whether the Sellers or Old Colony failed to disclose any material fact. The Appellants maintain that the evidence indicated that although both Old Colony and the Sellers were aware of the prior repairs for structural problems, neither informed the Appellants. Old Colony states in its brief that certain repairs were made from 1976 to 1984. The repairs were allegedly successfully completed prior to listing the property for sale, and the engineer had reported that no additional problems would be experienced.[4] Thus, neither Old Colony nor the Sellers had reason to suspect that a defect existed at the time of the sale to the Appellants.

The Appellants also assert that the lower court erred in failing to rule that the Sellers and Old Colony had a duty to disclose latent

Mr. Darrisaw noticed some cracking in the walls, and he invited a friend, Mr. Mike Blaylock, to examine the property. Mr. Blaylock opined that the damage may have been caused by earth movement. The Appellants then hired engineer Mr. Robert L. Wolfe to examine the property.

4. The Sellers built the home in 1966. In 1976, they noticed a structural problem along the left wall of the garage; that condition was repaired, and the Sellers had no further problems in that area of the home. In 1977, a concrete patio required replacement, and in July 1984, structur-

al repairs along the right side of the home were made to remedy a bowing in the foundation wall. Mr. William Haworth, a consulting engineer, designed the construction and implementation of the repair work and, on April 21, 1986, reported to the Sellers that the previously performed remedial work "has been done well and under normal loading conditions would deter any further movement of the wall." He further indicated that "the remainder of the residence appears to be stable and without movement."

defects. The lower court ruled that the Appellants had failed to demonstrate a genuine question of material fact concerning the existence of a latent defect. The Appellants contend that such judgment should have been within the province of the jury.

The Appellants also contend that the lower court erred in ruling that there was proper disclosure and that the Appellants had been placed on notice regarding prior structural problems. The Appellants maintain that the only "notice" they received stemmed from the answer to a question they posed concerning a steel beam in the garage. When the Appellants asked Mr. Cottrill why such a beam existed, Mrs. Giudice apparently informed Mr. Cottrill that the beam was there for added support.[5] Nothing more was said about the beam, other issues of structural integrity, or prior structural repairs to the home. The Appellants urge this Court to settle this issue of notice by permitting the factual issues to be placed before a jury for resolution.

### III.

### STANDARD OF REVIEW

■ Syllabus point one of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), specifies that "[a] circuit court's entry of summary judgment is reviewed de novo." In syllabus point one of *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995), we explained the appropriate use of summary judgment as follows:

> "'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

In syllabus point two of *Williams*, we continued:

Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

### IV.

■ In syllabus point one of *Teter v. Old Colony Co.*, 190 W.Va. 711, 441 S.E.2d 728 (1994), we explained:

> A vendor's real estate broker may be liable to a purchaser if the broker makes material misrepresentations with regard to the fitness or habitability of residential property or **fails to disclose defects or conditions in the property that substantially affect its value** or habitability, of which the broker is aware or reasonably should be aware, but the purchaser is unaware and would not discover by a reasonably diligent inspection. It also must be shown that the misrepresentation or concealment was a substantial factor in inducing the purchaser to buy the property. (Emphasis supplied.)

*See also Thomson v. McGinnis*, 195 W.Va. 465, 465 S.E.2d 922 (1995).

Applying the approach utilized in *Teter* to the present case, three pertinent questions arise: (1) Did the Sellers and/or Old Colony fail to disclose a condition in the property which substantially affects its value? (2) Was that condition something that the Appellants would not have discovered by a reasonably diligent inspection? and (3) Was the concealment a substantial factor in inducing the Appellants to buy? The issues in questions two and three, in our opinion, are most easily resolved. Indeed, the false wall and the absence of other indicia of prior repairs made it difficult, if not impossible, to discover the condition through a reasonably diligent inspection. Additionally, Mr. Darrisaw testified that he would not have purchased the property if he had known of the prior structural repairs.

---

**5.** Mrs. Giudice testified that she specifically informed Mr. Cottrill, the Appellants' agent, of the

scope of previous repairs, but Mr. Cottrill could not specifically recall such conversation.

Thus, the determinative issue in this case, framed in the language of *Teter,* is whether the Sellers and/or Old Colony failed to disclose a condition in the property that substantially affected its value. Obviously, not all prior repairs performed on a home must be disclosed to potential purchasers; it is only a condition which substantially affects the value of the property that must be disclosed pursuant to *Teter.* In syllabus point one of *Thacker v. Tyree,* 171 W.Va. 110, 297 S.E.2d 885 (1982), we stated:

> Where a vendor is aware of defects or conditions which substantially affect the value or habitability of the property and the existence of which are unknown to the purchaser and would not be disclosed by a reasonably diligent inspection, then the vendor has a duty to disclose the same to the purchaser. His failure to disclose will give rise to a cause of action in favor of the purchaser.

In *Thacker,* "the summary judgment was based on a legal proposition to the effect that even if there was a fraudulent concealment this would not give rise to a cause of action." 171 W.Va. at 111, 297 S.E.2d at 886. We reversed the summary judgment in *Thacker,* but specified that "we express no view as to the ultimate outcome but merely hold that the plaintiff's case could not be dismissed as a matter of law on summary judgment based on the doctrine of caveat emptor." *Id.* at 113, 297 S.E.2d at 888.

In *Easton v. Strassburger,* 152 Cal.App.3d 90, 199 Cal.Rptr. 383 (1984), the California court held that a real estate broker representing the seller of residential property has a duty to disclose facts, including "the affirmative duty to conduct a reasonably competent and diligent inspection of the residential property listed for sale and to disclose to prospective purchasers all facts materially affecting the value or desirability of the property that such an investigation would reveal." *Id.,* at 102, 199 Cal.Rptr. 383. As Judge Cardozo eloquently stated,

> The real estate broker is brought by his calling into a relationship of trust and confidence. Constant are the opportunities by concealment and collusion to extract illicit gains. We know from our judicial records that the opportunities have not been lost. . . . He is accredited by his calling in the minds of the inexperienced or the ignorant with a knowledge greater than their own.

*Roman v. Lobe,* 243 N.Y. 51, 152 N.E. 461, 462–63 (1926).

The focus of the lower court in its examination of the issues is extremely significant. As the Florida District Court explained in *Dorton v. Jensen,* 676 So.2d 437 (Fla.App. 2 Dist.1996), the "test for determining the materiality of a fact in transactions of this nature is whether that fact 'substantially affects the value of the property.' *Revitz v. Terrell,* 572 So.2d 996, 998 (Fla. 3d DCA 1990)." *Id.,* 676 So.2d at 439. Noting that the lower court's "primary focus was on the damage [issue]," the Florida court recognized that the lower court "never addressed the critical issue of whether the facts known to the Jensens regarding the high water problems at the home, in and of themselves, were material facts which substantially affected the value of the property such that they should have been disclosed to the Dortons." *Id.*

The lower court in the case sub judice focused upon the existence of genuine issues of material fact regarding misrepresentations made by the Sellers or Old Colony. The lower court also focused upon the *Thacker* language regarding the existence of latent defects and concluded, correctly in our judgment, that the Appellants had "failed to establish that a genuine issue of material fact exists with respect to whether a 'latent defect' existed." However, the pivotal question of whether the Sellers and/or Old Colony failed to disclose a condition in the property that substantially affected its value was not adequately addressed by the lower court. The lower court stated as follows:

> If, however, for the sake of argument, this Court assumes that the prior structural damage and repairs thereto is deemed a "latent defect," then plaintiffs have still failed to establish a "failure to disclose" in light of plaintiff's, Mr. Darrisaw's testimony concerning Mrs. Giudice's explanation of the steel beam. The plaintiffs were given proper disclosure and put on notice

as to any prior structural problems, whether or not these prior repairs are deemed "latent defects."

Could an overheard conversation between a buyer's own agent and the seller/selling agent regarding a steel beam for extra support in the garage constitute notice of structural repairs to the home? Did the fact that previous repairs had been made to the property substantially affect the value of the property? Contrary to the decision of the lower court, we find that such questions constitute genuine issues of material fact which were not resolved by discovery and which militate against the granting of summary judgment.

We affirm the decision of the lower court to the extent that it granted summary judgment on the issues of the existence of material misrepresentation. The record does not disclose a genuine issue of material fact in this regard, and there is no indication that the Sellers or Old Colony actually made any misrepresentations.

We also affirm the decision of the lower court regarding the absence of a genuine issue of material fact pertaining to the existence of a defect in the home at the time of purchase. The record reflects, and the lower court accurately held, that neither the Sellers nor Old Colony were aware or should have been aware of any defect in the property at the time of sale.[6] The only outstanding issue

for resolution is whether the Sellers and/or Old Colony failed to disclose a **condition,** the existence of prior structural repairs, in the property that substantially affected its value. While no actual misrepresentations were made and no evidence of defect existed at the time of the sale, there still exists a genuine issue of material fact regarding whether a condition affecting the value of the home existed, precluding the grant of summary judgment by the lower court.

■ In syllabus point three of *Painter,* we stated: "The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Likewise, this Court is not called upon at this procedural stage to decide the outcome of this case; we are simply to determine whether summary judgment was appropriate. We find that it was not, and we remand this matter to the lower court for further proceedings.

Affirmed, in part; reversed in part; and remanded.

---

6. While not a contention within this appeal, the Appellants had also asserted a civil conspiracy claim alleging that Old Colony and the Sellers had conspired to defraud the Appellants, a claim which the lower court appropriately dismissed on summary judgment.