POLEN, J.
Appellant Rita Santos appeals the trial court’s grant of partial summary judgment in favor of Appellees, Knight-Ridder, Inc. and the Miami Herald Publishing Co., disposing of her loss of consortium claim in the ongoing case. Rita Santos is the wife of Jose Santos, the jockey who rode Funny Cide in the 2003 racing season. In May of 2003, following Funny Cide’s win at the Kentucky Derby, Appel-lees published an article reporting that Jose admitted to carrying an object in his hand during the Kentucky Derby ride. See Funny Cide Ventures LLC v. Miami Herald Pub. Co., 955 So.2d 1241, 1242 (Fla. 4th DCA 2007). Jose and Rita filed a complaint against Appellees and one of the counts alleged that Rita had suffered a loss of consortium due to Appellees’ actions. The trial court found that Rita’s claim was unsupported by Rita’s deposition and the submitted affidavits, and granted Appellees’ partial summary judgment motion. We reverse the trial court’s grant of partial summary judgment.
Summary judgment is proper only if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Where no genuine issue of material fact is shown to exist, the only question for the appellate court is whether the summary judgment was properly granted under the law. If even the slightest doubt exists as to any issue of material fact, a summary judgment must be reversed.
Yardum v. Scalese, 799 So.2d 382, 383 (Fla. 4th DCA 2001) (Per Curiam) (internal citations omitted). “In reviewing a trial court’s decision to grant a motion for summary judgment, the appellate court ‘must draw every possible inference in favor of the party against whom summary judgment is granted.’ ” Ribak v. Centex Real Estate Corp., 702 So.2d 1316, 1317 (Fla. 4th DCA 1997) (quoting DuBois v. Amestoy, 652 So.2d 919, 920 (Fla. 4th DCA 1995)).
A review of Rita’s testimony and affidavits indicates that the main effect of the allegedly false allegations against Jose was increased tension and fighting in their *410 marriage. There was disputed evidence as to how long those problems continued after the publication of the article. Appel-lees asserted these allegations are insufficient to allow the loss of consortium claim to withstand summary judgment. We disagree.
“Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage.” Gates v. Foley, 247 So.2d 40, 43 (Fla.1971). Regardless of how “thin” the allegations of loss of consortium may have been, we hold there are material issues of fact as to whether Rita’s allegations support a claim for loss of consortium, issues that should be decided by a jury.
We find the trial court erred in disposing of Rita’s claim by way of partial summary judgment and reverse.
KLEIN and MAY, JJ., concur.