RYDER, Judge.
Robert E. Lang appeals from an order dismissing with prejudice his amended complaint.
*1191 The Corbitts, appellees, entered into a written contract with Lang which gave Lang:
a period of six months from this date (and thereafter until this agreement is revoked by ten day’s written notice to you) . . .
to sell certain property owned by the Cor-bitts. The contract provided that if a purchaser was found for the property at any time during the contract period, whether by Lang, the Corbitts or anyone else, the Cor-bitts were obligated to pay Lang a commission equal to 10% of the sales price.
By written interlineation the parties extended the definite term of the contract for another three months to July 3, 1978. Appellant specifically discussed with appellees that after July 3, 1978, the contract would continue in force until they gave him written notice as required by the contract. No such notice was ever given.
After July 3, 1978, Lang, with the knowledge of the Corbitts, continued to advertise the property and show it to prospective purchasers. From July 3, 1978 until a purchaser was found, Lang’s sign was displayed on the property, and at no time did the Corbitts indicate to Lang that the sign should be removed or that the implied claim of the sign, that Lang had the listing on the property, was incorrect.
The Corbitts notified Lang on October 24, 1978 that the property had been sold and that they were taking down his sign. The property was transferred by deed dated April 12, 1979. The state documentary stamps on the deed indicate that the sales price was $78,000.00.
After the Corbitts refused to pay a commission to Lang, appellant filed a complaint for damages in contract to collect $7,800.00 as commission. In response, the Corbitts filed a motion to dismiss. By order dated September 24, 1979, the court found that:
1. The written provision of the contract extending same to July 3, 1978, prevails over the printed portion thereof to the contrary.
2. The court having found that the contract between the parties is unambiguous on its face, the court construes the contract as having terminated on July 3, 1978.
and therefore, granted the Corbitts’ motion to dismiss.
We find that the contract is ambiguous. The handwritten portion does prevail over any inconsistent printed portion, McDonald v. Connell, 158 So.2d 780 (Fla. 2d DCA 1963), but the question of what printed portion does the handwritten portion prevail over remains. The contract, as modified, is susceptible of being interpreted as terminating on July 3, 1978, the Corbitts’ view, or being interpreted as terminating after ten days written notice, which notice may be filed after July 3,1978, Lang’s view. The court should resolve contract ambiguities by considering the intent of the parties, as evidenced by their subsequent acts, and the circumstances existing at the time of' entering into the contract or the modification. Webster v. Clark, 34 Fla. 637, 16 So. 601 (1894) and Trio Sales, Inc. v. Crossroads Shopping Center, Inc., 324 So.2d 118 (Fla. 2d DCA 1975).
Consequently, the trial court’s order granting the Corbitts’ motion to dismiss is error. We REVERSE and REMAND.
GRIMES, C. J., and SCHEB, J., concur.