772 So.2d 564 (2000)
CENTENNIAL MORTGAGE, INC., Appellant,
v.
SG/SC, LTD., etc., et al., Appellees.
Nos. 1D99-34, 1D00-190 and 1D00-1134.
District Court of Appeal of Florida, First District.
October 26, 2000.
Rehearing Denied December 5, 2000.
Stephen H. Grimes, of Holland & Knight, L.L.P., Tallahassee; and Hala A. Sandridge and Charles Tyler Cone of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellant.
James A. Bledsoe, Jr., of Bledsoe, Schmidt, Lippes, Moonly & Roberson, P.A., Jacksonville, for Appellees.
WEBSTER, J.
In these three consolidated appeals, Centennial Mortgage, Inc., seeks review of a final judgment which, among other things, held that it had breached an option contract relating to the sale and purchase of an apartment complex, and granted the request of SG/SC, Ltd., for specific performance. Because we conclude that the trial *565 court erroneously excluded parol evidence proffered by Centennial, we reverse and remand for further proceedings.
At the non-jury trial, a major point of dispute involved which party had breached the written option contract. Centennial contended that SG/SC had breached the contract by failing to fund its portion of cost overruns attributable to renovation of the apartment complex. SG/SC maintained that it had no obligation to contribute to cost overruns, and that Centennial had breached the contract by failing to close the transaction. The parties agreed that the option contract did not address the topic of renovation-cost overruns. Centennial contended that this omission constituted a latent ambiguity, and that, therefore, parol evidence was admissible to assist the trial court in determining what the parties would have included in the contract had they anticipated the possibility of cost overruns. The trial court agreed with SG/SC that the contract was not ambiguous and, accordingly, refused to consider the parol evidence proffered by Centennial. This was error.
It is clear from the evidence presented at trial that neither party contemplated the possibility of renovation cost overruns when they executed the contract. Given this undisputed fact, we find the following discussion from Hunt v. First National Bank of Tampa, 381 So.2d 1194 (Fla. 2d DCA 1980), instructive:
If a contract is clear, complete and unambiguous, there is no need for judicial construction.... But even the most cautious drafting, and the most exhaustive imagination, rarely covers every possible contingency. If a contract fails to specify the rights or duties of the parties under certain conditions or in certain situations, then the occurrence of such condition or situation reveals an insufficiency in the contract not apparent from the face of the document. This insufficiency is called a latent ambiguity, and ... courts ... are frequently called upon to determine what the parties would have included in their contract had they anticipated an occurrence which they in fact overlooked.... In so doing, the function of the court is to ascertain, insofar as possible, the intent of the parties.... Extrinsic evidence is not only admissible on that issue, but is frequently required where the instrument itself does not provide sufficient insight into intent.
Id. at 1197 (footnote and citations omitted).
SG/SC contends that the parol evidence proffered by Centennial is barred by the parol evidence rule, the statute of frauds (§ 725.01, Fla.Stat.(1995)) and an integration clause contained in the contract. We disagree. As Hunt demonstrates, parol evidence is admissible to resolve latent ambiguities such as the one at issue here. The statute of frauds does not come into play for the simple reason that the contract at issue is in writing. As we said in Outlaw v. McMichael, 397 So.2d 1009, 1011 (Fla. 1st DCA 1981), the purpose of integration clauses "is to affirm the parties' intent to have the parol evidence rule applied to their contracts." However, we also said that "[t]he modern trend... is for the courts to allow parol evidence, even in cases where a contract contains an integration clause, in order ... to explain an ambiguity in the contract." Id. (citation omitted). Professor Corbin's treatise supports such an approach:
No parol evidence that is offered can be said to vary or contradict a writing until by process of interpretation it is determined what the writing means.... Even if a written document has been assented to as the complete and accurate integration of the terms of the contract, it must still be interpreted; and all those factors that are of assistance in this process may be proved by oral testimony.
3 Arthur Linton Corbin, Corbin on Contracts § 579, at 412-13 (1960).
"[T]he existence of ambiguity in a contract is a question of law." Bivens *566 Gardens Office Bldg., Inc. v. Barnett Banks of Florida, Inc., 140 F.3d 898, 905 (11th Cir.1998) (applying Florida law). Accordingly, exercising our power of de novo review, we hold that the trial court erred when it concluded that the contract was not ambiguous regarding responsibility for renovation-cost overruns. However, the parties' intent regarding that topic is a question of fact. Id. See also Land O'Sun Realty Ltd. v. REWJB Gas Inv., 685 So.2d 870, 872 n. 3 (Fla. 3d DCA 1996) ("Contract interpretation is for the court as a matter of law, rather than the trier of fact, only when the agreement is totally unambiguous, or when any ambiguity may be resolved by applying the rules of construction to situations in which the parol evidence of the parties' intentions is undisputed or non-existent"), review dismissed sub nom. Lennar Florida Partners, I v. REWJB Gas Inv., 710 So.2d 978 (Fla. 1998). Accordingly, we reverse, and remand. On remand, the trial court shall reconsider this case, taking into account the parol evidence proffered by Centennial, including that of the parties' conduct regarding responsibility for renovation-cost overruns. See, e.g., Russell v. Gill, 715 So.2d 1114, 1116 (Fla. 1st DCA 1998) (noting the importance of conduct of the parties to a contract in determining intent). This remand does not contemplate the presentation of additional evidence. In light of this resolution, we consider it unnecessary to address the other issues raised by Centennial.
REVERSED and REMANDED, with directions.
ALLEN and BROWNING, JJ., CONCUR.