POLSTON, J.
Appellant Manuel Raimi entered into a 1998 stipulation settlement with appellee Department of Business and Professional Regulation, Construction Industry Licensing Board (“Board”), arising from various charges against Raimi and others because of their misconduct relating to a construction contract.
The settlement agreement provided for Raimi to make monthly restitution payments to the victims. Raimi and the Board also agreed that Raimi’s certified building contractor’s license would be suspended, with that suspension stayed for a period of seven years. In the event that any payment was not timely made, the Board would lift the stay and Raimi’s license would be immediately suspended.
As a result of a criminal case against Raimi for these same actions, he was also on criminal probation through the Department of Corrections for a number of years. In September, 1998, Raimi paid a lump sum amount in order to obtain his release from supervision of his criminal probation. The issue in this case is how this lump sum prepayment should be treated under the terms of the settlement agreement.
Once Raimi made this lump sum payment, he stopped making his noninterest bearing monthly payments, treating the lump sum payment as an advance payment for the monthly amounts. The Board asserts that Raimi should have continued making monthly payments even though he made a lump sum payment. Accordingly, the Board lifted the stay of its suspension of Raimi’s license.
The Board argues that the terms of the settlement agreement are unambiguous. However, because the agreement is silent on how to treat Raimi’s lump sum prepayment, we disagree.
In Centennial Mortgage, Inc. v. SG/SC, Ltd., 772 So.2d 564, 565 (Fla. 1st DCA 2000), the court noted that the option contract at issue did not address the topic of renovation-cost overruns. The court quoted from Hunt v. First National Bank of *915 Tampa, 381 So.2d 1194, 1197 (Fla. 2d DCA 1980):
If a contract is clear, complete and unambiguous, there is no need for judicial construction.... But even the most cautious drafting, and the most exhaustive imagination, rarely covers every possible contingency. If a contract fails to specify the rights or duties of the parties under certain conditions or in certain situations, then the occurrence of such condition or situation reveals an insufficiency in the contract not apparent from the face of the document. This insufficiency is called a latent ambiguity, and ... courts ... are frequently called upon to determine what the parties would have included in their contract had they anticipated an occurrence which they in fact overlooked.... In so doing, the function of the court is to ascertain, insofar as possible, the intent of the parties.... Extrinsic evidence is not only admissible on that issue, but is frequently required where the instrument itself does not provide sufficient insight into intent. (Emphasis added).
The court ruled as a matter of law that the contract was ambiguous and remanded to the trial court for a determination of the parties’ intent regarding responsibility for renovation-cost overruns as a factual determination. The trial court was instructed to take into account parol evidence proffered. 772 So.2d at 565-66.
As in Centennial Mortgage, we rule as a matter of law that the settlement agreement is ambiguous regarding the treatment of Raimi’s lump sum prepayment. Accordingly, we reverse and remand to the Board for a factual determination of the parties’ intent regarding the prepayment. On remand, the Board should reconsider this case, taking into account Raimi’s proffered parol testimony of Lisa Nelson, the Board’s attorney who drafted the agreement.[1]
REVERSED and REMANDED.
MINER and LEWIS, JJ„ concur.

. Ms. Nelson’s testimony indicated that she did not intend the agreement to cause Raimi’s license suspension under these facts.