832 So.2d 921 (2002)
BAYCO DEVELOPMENT COMPANY, Appellant,
v.
BAY MEDICAL CENTER and Delta Florida Properties, Appellees.
No. 1D02-1402.
District Court of Appeal of Florida, First District.
December 19, 2002.
*922 Michael P. Dickey, Esquire, Barron, Redding, Hughes, Fite, Bassett, Fensom & Sanborn, P.A., Panama City, for Appellant.
David L. McGee, Esquire, Beggs & Lane, Pensacola, for Appellees.
POLSTON, J.
Appellant Bayco Development Company ("Bayco") argues that because their contract at issue is ambiguous and parol evidence is required to ascertain the intent of the parties, the trial court erroneously granted final summary judgment in favor of Appellee Delta Florida Properties ("Delta"). We agree and therefore reverse.
The parties dispute whether their Agreement for Purchase and Sale of Nursing Home Facility requires Delta, the purchaser, to assume the Patient Transfer Agreement, a contract that Bayco, the seller, had with a third-party. Bayco was required by the purchase agreement to disclose all contracts that materially affect the business or operations of the nursing home facility. The Patient Transfer Agreement was disclosed to Delta as one of the material contracts. However, the purchase contract does not state whether these material existing contracts will be assumed by Delta. Therefore, there is a latent ambiguity in the contract.[1]See Centennial Mortgage, Inc. v. SG/SC, Ltd., 772 So.2d 564, 565 (Fla. 1st DCA 2000)(holding that the contract had a latent ambiguity needing parol evidence to determine the parties intent; "If a contract fails to specify the rights or duties of the parties under certain conditions or in certain situations, then the occurrence of such condition or situation reveals an insufficiency in the contract not apparent from the face of the document. This insufficiency is called a latent ambiguity ...," quoting from Hunt v. First National Bank of Tampa, 381 So.2d 1194, 1197 (Fla. 2d DCA 1980)).[2]
The parties' intent regarding Delta's assumption of the Patient Transfer Agreement through the purchase agreement is a question of fact. Therefore, final summary judgment was entered in error. See Centennial Mortgage, Inc., 772 So.2d at 566. On remand, the trial court should consider parol evidence, including the parties' conduct regarding the Patient Transfer Agreement, to determine the parties' intent. Id.
REVERSED and REMANDED.
DAVIS and BENTON, JJ., concur.
NOTES
[1] Moreover, paragraphs 5(22) and 15 of the purchase contract indicate that some obligations or liabilities will be created pursuant to the contract, but it is silent as to what those obligations or liabilities are and therefore ambiguous as to whether they include assumed third-party contracts.
[2] The existence of an ambiguity in a contract is a question of law, therefore our review is de novo. Centennial Mortgage, Inc., 772 So.2d at 565-66.