898 So.2d 952 (2005)
Victor ESCOBAR, Petitioner,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 3D04-2233.
District Court of Appeal of Florida, Third District.
February 2, 2005.
*953 Stephens, Lynn, Klein, LaCava, Hoffman & Puya, P.A., and Marlene S. Reiss, Miami, for petitioner.
Mark A. Gatica, for respondent.
Before LEVY, GREEN, and RAMIREZ, JJ.
PER CURIAM.
By way of a petition for writ of certiorari, Victor Escobar seeks review from the appellate division of the circuit court's holding that the question of whether an ambiguity exists in an insurance contract is one for the jury to decide rather than the court. Based upon our conclusion that this holding is a departure from clearly established principles of law resulting in a miscarriage of justice, we grant the petition.
The facts of this case, as set forth in the circuit court opinion, are as follows:
The appellant, Escobar, sustained personal injuries as a result of a car accident and received medical treatment. The appellee, United Auto, declined to pay Escobar's medical bills because: 1) Escobar failed to attend a contractually compulsory examination under oath (EUO); 2) Escobar failed to attend an independent medical examination (IME); and 3) United Auto determined that the medical charges were not reasonable, related and necessary. Escobar filed suit for payment of the bills.
Prior to trial, Escobar moved for partial summary judgment on the issue of his failure to attend the EUO on the grounds that the language in the insurance contract was ambiguous. Specifically, the contract states that Escobar "shall give [United Auto] written proof of claim, under oath if required, and/or submit to an examination under oath ..." (emphasis added). The trial court granted Escobar's partial summary judgment motion agreeing that the language was ambiguous since the "and/or" language made it unclear whether Escobar needed only to provide written notice of the claim or needed only submit to an EUO, or whether he was required to do both. A trial then proceeded on the issues of Escobar's failure to attend the IME and whether the medical bills were reasonable, related and necessary.
In order to establish that his medical bills were reasonable, related and necessary, Escobar testified about his treatments, stated that he examined the bills, and indicated that the treatments made him feel better. On the morning of the trial, a litigation adjuster for United Auto performed a usual and customary review of the medical bills. The adjuster testified that the bills were not reasonable and concluded that United Auto was over-billed by some $1400. Escobar *954 attempted to call into question the reliability of the adjuster's review by pointing out that in her four years as an adjuster, she had only performed 10 of these types of reviews.
At the close of evidence, the trial court granted Escobar's motion for a directed verdict on the issue of whether the bills were reasonable, related and necessary. The remaining IME issue was submitted to the jury and a verdict was returned in Escobar's favor. Thereafter, the trial court awarded Escobar attorney's fees. This appeal followed. [A-11].
In the direct appeal, the circuit court, among other things, reversed the trial court's partial summary judgment in favor of Escobar on the grounds that the insurance contract was ambiguous as to the need for Escobar to attend the EUO. The court found that the question of whether there was an ambiguity in the contract language was a factual one for the jury. Therefore, the court remanded this issue back to the county court for a jury trial.
Escobar now seeks a writ of certiorari quashing this portion of the decision on grounds that it is a departure from the essential requirements of law. He also seeks to have us remand this case back to the circuit court with directions that it enter an order affirming the partial summary judgment.
We begin by acknowledging that the scope of our certiorari review from a decision emanating from the circuit court appellate division is necessarily limited. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889-90 (Fla.2003); Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). United Auto. Ins. Co. v. Total Rehab & Med. Ctr., 870 So.2d 866, 869 (Fla. 3d DCA 2004). That is because certiorari review is appellate in character in the sense that it involves a limited review of the proceedings of an inferior jurisdiction. See Haines City Community Dev. v. Heggs, 658 So.2d at 525. Certiorari review, however, is not to be utilized as a second appeal and is limited to those instances where the lower court did not afford procedural due process or departed from the essential requirements of law. See id. at 526.
In Ivey v. Allstate Ins. Co., the supreme court explained that the departure from the essential requirement of the law necessary for the issuance of a writ of certiorari is something more than simple legal error. See Ivey, 774 So.2d at 682.
[T]he district court should examine the seriousness of the error and use its discretion to correct an error only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice.
In the instant case, we agree with Escobar that we have certiorari jurisdiction because the lower court's determination that the question of whether an ambiguity exists in a insurance contract is a question of fact for the jury is a misapplication of well-established law. It is well-settled in this state that the initial determination of whether a contractual term is ambiguous is a question of law for the court. See Jones v. Utica Mut. Ins. Co., 463 So.2d 1153, 1157 (Fla.1985) ("It is well-settled that the construction of an insurance policy is a question of law for the court."); Team Land Dev., Inc. v. Anzac Contractors, Inc., 811 So.2d 698, 699-700 (Fla. 3d DCA 2002) ("The initial determination of whether the contract term is ambiguous is a question of law for the court, and, if the facts of the case are not in dispute, the court will also be able to resolve the ambiguity as a matter of law."). See also Bayco Dev. Co. v. Bay Med. Ctr., 832 So.2d 921 (Fla. 1st DCA 2002); Lab. Corp. of Amer. v. McKown, 829 So.2d 311 *955 (Fla. 5th DCA 2002); North Star Beauty Salon, Inc. v. Artzt, 821 So.2d 356 (Fla. 4th DCA 2002). The circuit court's determination that this was an issue of fact for the jury was a clear departure from this well-established law. Moreover, we believe that the circuit court's remand of the ambiguity issue for a jury's determination was tantamount to a miscarriage of justice where there could be no appellate recourse thereafter.
We therefore grant certiorari and quash that portion of the opinion that reversed the partial summary judgment and remanded the question of whether an ambiguity existed in the contract for a jury's determination. We further remand this issue back to the circuit court for its own de novo review of whether the county court was correct in its legal determination that the language in the insurance contract was ambiguous. See Bayco Dev. Co. v. Bay Med. Ctr., 832 So.2d at 922, n. 2 ("The existence of an ambiguity in a contract is a question of law, therefore our review is de novo.").
Certiorari granted.