SUAREZ, J.
Miami-Dade County, Darcy Velasquez, Michael Ismael, and the Redland Citizens Association, Inc., petition this court for a writ of certiorari to review an order entered below by the circuit court acting in its appellate capacity quashing the decision of the Miami-Dade County Board of Commissioners. The decision of the Miami-Dade County Board of Commissioners overturned a May 8, 2003 decision by the Director of the Miami-Dade County Department of Planning and Zoning allowing rebuilding of the mobile home park in question located in the Redlands. We deny the petition for writ of certiorari.
In 1969, Miami-Dade County’s Zoning Appeals Board conducted a public hearing and approved an unusual use application for development of a mobile home park on the property in question in an area zoned for agricultural use (“AU”) in the Red-lands. Other public hearings took place thereafter, in 1970,1971, and 1974, to allow for expansion of the mobile home park. The mobile home park consisted of 349 mobile homes from approximately 1970, until Hurricane Andrew completely destroyed it in 1992.
After Hurricane Andrew, in order to help facilitate the rebuilding of Dade County, Miami-Dade County established an Amnesty Ordinance[1] which allowed for *703 the rebuilding of all non-conforming residential and legal existing uses in compliance with zoning plans approved and on record as of August 23,1992. The Amnesty Ordinance required applications for building permits to be'filed no later than August 30, 1993. Reconstruction after that date would require building compliance with the Code of Metropolitan Dade County.
Subsequent to Hurricane Andrew, five separate inquiries were made by various parties, none of whom owned the mobile home park property in question, as to whether the mobile home park could be reestablished. Four of the five responses from the Dade County Building and Zoning Department stated that, since the mobile home park was a non-conforming use, and since permits had not been applied for within the one-year requirement under the Amnesty Ordinance, public hearings would be required before any permits could be issued to allow the mobile home park to be rebuilt.
On May 8, 2003, the Director of the Miami-Dade County Department of Planning and Zoning issued an opinion responding to an inquiry stating that the mobile home park was never a non-conforming use. As such, it was her opinion that the owners of the mobile home park were not required to comply with the one-year mandate for the application for building permits pursuant to the Amnesty Ordinance, and could rebuild without a public hearing.
Two neighboring property owners appealed the May 8, 2003 decision- to the Dade County Commission. After a public hearing, the Dade County Commission, on a split vote, reversed the decision of the Director of Building and Zoning in her May 8, 2003 letter, and concluded that she erred in her interpretation which allowed the mobile home park to be redeveloped without a public hearing.
Redland Estates, Inc., and Francis DiR-ico filed a petition for certiorari with the appellate division of the circuit court. The circuit court granted the petition and quashed the order of the Dade County Commission holding that the Commission departed from the essential requirements of law when it reclassified the mobile home park as non-conforming based on the current zoning regulations. The present, petition for certiorari was then filed with this court.
The scope of our second-tier cer-tiorari review from a decision by the circuit court appellate division is very limited. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889-90 (Fla.2003); Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). A second-tier certiorari may only be issued if procedural due process was not afforded or if the circuit court, in its appellate capacity, departed from the essential requirements of law. *704 See Escobar v. United Auto. Ins. Co., 898 So.2d 952, 954 (Pla. 3d DCA 2005). It is not enough that the district court of appeal disagrees with the circuit court’s interpretation of the applicable law, but there must be an application of either incorrect law or a miscarriage of justice before the district court may issue a writ of second-tier cer-tiorari. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000).
We find the circuit court, acting in its appellate capacity, applied the correct law and that no mistake in interpretation of that law occurred which would result in a miscarriage of justice. Both parties agreed the mobile home park was an unusual use approved by the County Zoning Appeals Board in 1969, and subsequently built.' The question presented below was whether alleged contraventions of current zoning regulations transformed the mobile home park into a non-conforming use[2] under the Amnesty Ordinance as of the date of Hurricane Andrew.
The circuit court first examined whether the mobile home park became non-conforming due to changes in setback requirements under the AU classification. The circuit court correctly determined setback could not be used to establish the mobile home park as non-conforming. After Hurricane Andrew, no building existed on the property.[3] The circuit court stated that the zoning ordinances defining setback had to be strictly construed. As such, setback requirements only applied if buildings were on the property. As Hurricane Andrew destroyed all of the buildings on the property, the circuit court properly held that the Commission incorrectly applied the law to the facts to conclude that, due to setback requirements, the mobile home park had become non-conforming as of the date of Hurricane Andrew. Whether or not that interpretation is correct, it is important to note that the setback requirements came into existence' five years after Hurricane Andrew. The conclusion that setback requirements cannot be used to determine, if the mobile home park was non-conforming on the date of Hurricane Andrew, was correct. Therefore, if the use of the property was not nonconforming due to setback regulations as of the date of Hurricane Andrew, the need for compliance with the one-year-permit period and a public hearing, as concluded by the Commission and argued on appeal by the County, was inapplicable to the respondent mobile home park. We uphold the granting of certiorari relief on this ground by the circuit court.
The County argues that, due to other violations of the Master Plan and other current zoning regulations including density, lot-size regulations and residential use in the AU-zoned site, the mobile home park should be considered a nonconforming use, and that the circuit court departed from the essential requirements of law when it overruled the Commission’s determination that the use was nonconforming. As correctly held by the circuit court, although County setback and other zoning regulations had changed since the park was originally built, “the Commission nevertheless departed from the essential re *705 quirements of law when it utilized the ... changes to [re]classify the use of the mobile home park as nonconforming rather than unusual” as of the material date of Hurricane Andrew. The material date and the zoning use approved and of record as of August 23, 1992, were determinative of whether or not a public hearing was required before a building permit could be issued. Pursuant to our scope of review, we find that there was neither a departure from the essential requirements of law nor a miscarriage of justice below.
Petition for writ of certiorari denied.

. Section 33-35.1 of the Code of Metropolitan Dade County, Florida is hereby created to read as follows:
Notwithstanding any other provision of chapter 33 to the contrary, including but not limited to sections 33-34 and 33-35, all legal non-conforming residential uses and *703 legal existing residential uses (including but not limited to mobile homes and manufactured housing) which existed on August 23, 1992, shall be permitted to rebuild in compliance with all plans approved and of record as of August 23, 1992 or in accordance with any use and number of units permitted by a certificate of occupancy then in existence. It is provided however that no structure or portion thereof shall be rebuilt in a zoned road right-of-way except in a zoned right-of-way adjacent to a five-acre fractional line waived by the Director and the Director of the Public Works Department, prior to August 23, 1992. All rebuilding shall be in compliance, and conformity, with all other provisions of the Code of Miami-Dade County other than chapter 33. All building permits shall be applied for no later than August 30, 1993. The authorization provided in this section shall terminate on August 31, 1993. All building permits shall be applied for no later than August 30, 1993.

. Non-conforming use. Use of any property or premises in any manner which does not comply with the regulations provided for - the district in which the properly or premises provided for the district in which the property or premises are situated, if such use was originally legally established.
Miami-Dade County Code § 33-l(76)(2006).

. Setback. The minimum horizontal distance between the street, rear or side lines of the lot, and the front, rear or side lines of the building. When two (2) or more lots under one (1) ownership are used, the exterior property line so grouped shall be used in determining offsets.
Miami-Dade County Code § 33-l(96)(2006).