[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12028
Non-Argument Calendar

_____

D. C. Docket No. 07-23313-CV-UUB

NOVONEURON INC.,
a Florida corporation,

Plaintiff-Appellant,

versus

ADDICTION RESEARCH INSTITUTE, INC.,
a Delaware corporation,
ROBERT RAND,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 28, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

## I. Facts and Procedural History

This case arises out of a patent dispute between Plaintiff-Appellant Novoneuron, Inc. ("Novoneuron") and Defendant-Appellees Addiction Research Institute, Inc. and Robert Rand (collectively "Appellees"), concerning the rights to certain intellectual properties. In 2000, the parties entered a settlement agreement ("the Agreement"), wherein Appellees assigned to Novoneuron "all right, title, and interest" in intellectual properties embodied in U.S. Patent Number 5,591,738 ("the Patent") and U.S. Patent Application Number 08/280,187 ("the Application").[1]

In 2007, Novoneuron filed the instant suit, alleging that Appellees breached the Agreement by attempting to patent those same intellectual properties in a variety of foreign countries, and sought damages and injunctive relief. Shortly thereafter, Appellees filed a motion to dismiss under Fed. R. Civ. P. ("Rule") 12(b)(6) for failure to state claim upon which relief could be granted. Novoneuron sought and was granted leave to amend the complaint. After Novoneuron amended the complaint, Appellees again filed a Rule 12(b)(6) motion, arguing that Novoneuron had failed to state a claim because the Agreement only assigns U.S. patent rights. It argued that because the Agreement is limited to the U.S. patent

_____

[1] The Application later matured into U.S. Patent Number 6,348,456.

2

rights, Novoneuron could not prevail on its claim that the Appellees breached the Agreement by applying for patents in foreign countries. Novoneuron did not seek leave to further amend the complaint, but rather opposed the motion to dismiss, arguing, inter alia, that the Agreement assigns worldwide rights to the intellectual properties described in the Patent and the Application.

The district court issued an order concluding that the Agreement is limited to U.S. patent rights and therefore dismissed the action with prejudice for failure to state a claim. On appeal, Novoneuron argues that the district court abused its discretion by dismissing the complaint with prejudice, rather than sua sponte permitting Novoneuron to seek leave to further amend the complaint. It argues that if permitted to amend, it could have pursued a theory of unilateral mistake. Alternatively, Novoneuron argues that the district court erred in finding the Agreement unambiguous on its face.

## II. Discussion

### A.     Standard of Review

We review the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Glover v. Liggett Group, Inc., 469 F.3d 1304, 1308 (11th Cir. 2006). We also review de novo the

3

issue of whether a contract is ambiguous. Frulla v. CRA Holdings, Inc., 543 F.3d 1247, 1252 (11th Cir. 2008).

B.     Opportunity to Amend

Novoneuron argues that the district court "rushed to judgment" by dismissing the complaint with prejudice after only one amendment. Novoneuron concedes that it did not request leave to further amend, but nonetheless argues that instead the district court should have sua sponte invited Novoneuron to seek leave to further amend the complaint.

Rule 15 permits a party one amendment as a matter of right before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1).[2] Once a party has used its one free amendment or a responsive pleading has been filed, however, it may only amend with the other party's written consent or by leave of the court. Id. at 15(a)(2). In Wagner v. Daewoo Heavy Indus. Metal Corp., 314 F.3d 541 (11th Cir. 2002) (en banc), this court held that a "district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Id. at 542.

---

[2] For the purposes of Rule 15, a pre-answer motion to dismiss is not considered a responsive pleading. Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007).

We conclude that <u>Wagner</u> controls the outcome of the instant case. Novoneuron had the benefit of counsel, but did not request leave to further amend its complaint. Instead, it filed a response to the Appellees' motion to dismiss. The district court was not obligated to <u>sua sponte</u> grant Novoneuron leave to amend, and therefore Novoneuron's argument fails.

C.    Unilateral Mistake

Novoneuron argues that had it been permitted to amend, it could have pursued a theory of unilateral mistake. The doctrine of unilateral mistake is available in cases where the plaintiff seeks equitable rescission of the contract. <u>See</u> <u>Roberts & Schaefer Co. v. Hardaway Co.</u>, 152 F.3d 1283, 1295 (11th Cir. 1998); <u>Maryland Cas. Co. v. Krasnek</u>, 174 So. 2d 541, 543 (Fla. 1965).[3] Because Novoneuron was not entitled to amend its complaint to pursue such a theory, <u>see</u> <u>supra</u>, we conclude that Novoneuron's unilateral mistake argument necessarily fails.[4]

---

[3] Jurisdiction in the instant case is founded upon diversity of citizenship, so the substantive law of the forum state applies. <u>See</u> <u>McMahan v. Toto</u>, 256 F.3d 1120, 1131-32 (11th Cir. 2001).

[4] We acknowledge that "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on <u>any</u> possible theory." <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original). "Florida case law allows for application of the unilateral mistake doctrine where all of the following conditions are met: (1) the mistake 'goes to the substance of the agreement,' (2) the error does not result from an inexcusable lack of due care, and (3) the other party has not relied upon the mistake to his detriment." <u>Roberts & Schaefer Co. v. Hardaway Co.</u>, 152 F.3d 1283, 1291 (11th Cir. 1998)

D.    Ambiguity

Finally, Novoneuron argues that the district court erred in finding the Agreement unambiguous.[5]  Section 2.1 of the Agreement assigns "all right, title, and interest in the patent and patent application known as U.S. Patent Number 5,591,738 ('Method of Treating Chemical Dependency Using Betacarboline Alkaloids Derivatives and Salts Thereof') and U.S. Patent Application Serial Number 08/280,187, including any claimed interest in these intellectual properties" to Novoneuron.  Novoneuron argues that this section should be read to grant worldwide property rights in the subject matter of the Patent and Application, whereas Appellees argue that the Agreement is limited to assignment of U.S. patent rights.

"[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears

---

(citation omitted).  Novoneuron's complaint, however, does not allege any facts that, if true, would satisfy the elements of unilateral mistake.

[5] Novoneuron improperly frames the success of its ambiguity argument as dependent on this court ruling that the district court should have offered Novoneuron the opportunity to seek leave to amend.  See Appellant's Br. at 6 ("NOVONEURON could have amended to plead that the terms of the settlement agreement contained an ambiguity . . .").  This is incorrect, however, as the district court's analysis of the complaint was premised on its conclusion that the Agreement is unambiguous.  See District Court Op. at 4 n.2 ("the Court is satisfied that no ambiguity exists in the Agreement").  Although Novoneuron improperly frames the ambiguity issue, because the substance of this issue is raised and discussed in Novoneuron's brief, we will address the merits of this issue on appeal.  See Allstate Ins. Co. v. Swann, 27 F.3d 1539, 1542 (11th Cir. 1994) ("briefs should be read liberally to ascertain the issues raised on appeal").

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" S.E.C. v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Rule 12(b)(6) should not be used to "answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." Brooks, 116 F.3d at 1368. Under Florida law, the issue of whether a contract is ambiguous is a question of law. Escobar v. United Auto. Ins. Co., 898 So. 2d 952, 954 (Fla. App. 2005). This court has defined ambiguity as follows:

> A contract is ambiguous where it is susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract. If the interpretation urged by one party is unreasonable in light of the contract's plain language, the contract is not ambiguous, and the court may not use extrinsic evidence to vary the terms of the contract. In determining whether a contract is ambiguous, we must first look at the words on the face of the contract.

Frulla, 543 F.3d at 1252 (citations and quotations omitted).

We conclude that the district court erred by finding the Agreement unambiguous on its face. As the district court noted, the Agreement assigns the rights to "U.S. Patent Number 5,591,738" and "U.S. Patent Application Serial Number 08/280,187." It does not expressly assign international ownership to the information described in those patents. This could be construed to mean that the Agreement only transferred ownership of these specific patents, but that Appellees

7

remained free to patent this information in other countries.

On the other hand, the Agreement assigns "<u>all</u> right, title, and interest in the patent . . . <u>including any claimed interest in these intellectual properties</u>" (emphasis added). An "intellectual property" could be interpreted to mean more than the U.S. patents themselves. Instead, because intellectual property is a "product of the human intellect, in a concrete or abstract form," Black's Law Dictionary 813 (7th ed. 1999), the Agreement could be construed to unconditionally assign the information contained in the patents to Novoneuron – not just the patents themselves. These reasonable, conflicting interpretations render the Agreement ambiguous.

The ambiguity in the contract is further apparent when reading Section 7.13 to the Agreement, which indicates that the "Agreement and its provisions shall be effective worldwide." Section 7.13 would make little sense if it was construed to mean that the Agreement could be enforced anywhere because Section 7.6 expressly designates Florida as the venue for any actions involving the Agreement. "Courts must 'construe contracts in such a way as to give reasonable meaning to all provisions,' rather than leaving part of the contract useless." <u>Publix Super Markets, Inc. v. Wilder Corp. of Delaware</u>, 876 So. 2d 652, 654 (Fla. App. 2004) (citation omitted). In light of the apparent inconsistencies between Sections 7.6

8

and 7.13 and courts' obligation to give meaning to all contractual provisions, "effective worldwide" could be interpreted to mean that the Agreement grants worldwide property rights in the subject matter of the Patent and Application.

After construing the complaint in the light most favorable to the plaintiff and accepting all of its allegations as true, we conclude that because the Agreement is "susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract," Frulla, 543 F.3d at 1252, the district court erred in granting the motion to dismiss for failure to state a claim.

### III. Conclusion

For the reasons stated, the ruling of the district court is hereby vacated and the matter remanded for further proceedings.

**VACATED AND REMANDED.**