WEBSTER, J.
 

 In this appeal and cross-appeal, the parties to a lease agreement seek review of an “Order Granting Defendant’s [sic] Motion for Summary Judgment,” an “Order Denying Plaintiffs Motion to Strike Defendant’s [sic] Pleadings” and a “Final Judgment for Damages and Order Denying Motion for Entitlement to Attorney’s Fees.” We af
 
 *835
 
 firm without discussion the issue raised by-appellant, the plaintiff below, in Point IV of its initial brief concerning the order denying its motion to strike. However, because we conclude as a matter of law that an ambiguity exists in the appraisal provisions of the parties’ lease agreement, we reverse the “Order Granting Defendant’s [sic] Motion For Summary Judgment” as challenged in appellant’s Points I, II and III, and the “Final Judgment for Damages and Order Denying Motion for Entitlement to Attorney’s Fees.” As a result, we do not address the issue raised on cross-appeal, because the case must be remanded for further proceedings.
 

 In 2006, appellant, the lessee of the property described in the parties’ lease agreement, provided written notice to ap-pellees, the lessors, of its intent to exercise the purchase option contained in paragraph 24 of the agreement. Among other things, paragraph 24 concerns the manner in which the sale price is to be determined, and it directs, in relevant part, as follows:
 

 Lessee shall have the option to purchase the property ... by providing the Seller with written notice of the intent to exercise this option. Once exercised, Lessor and Lessee shall each select one MAI appraiser to appraise the property.... If Lessee and Lessor are unable to agree upon a sales price based upon said appraisals, the two appraisers shall select a third MAI appraiser who shall promptly prepare an appraisal. The option purchase price shall then be the average of the 3 appraisals....
 
 In preparing the appraisal, the appraisers shall use the current fair rental value of the property,
 
 which value may be more, but cannot be less than the existing lease payment being made at that time by Lessee.
 
 It is the intent of the preceding sentence that the fair market value not be reduced
 
 because the existing lease is below market at that time. Notwithstanding anything else to the contrary, the option price shall not be less than $1.25 million ($1,250,000.00).
 

 (Emphasis added.)
 

 The emphasized language generated the current litigation. Appellant argues that the language, “shall use the current fair rental value,” mandates that the appraiser may consider
 
 only
 
 the “fair rental value” of the property in preparing an appraisal. Thus, when appellees submitted an appraisal in which their chosen appraiser used an appraisal method that did not focus solely on rental value but, instead, considered the property’s “highest and best use” in formulating the property’s value, appellant filed a complaint in the circuit court seeking declaratory relief to establish (1) that paragraph 24 mandates that the appraisal be based on the “current fan- rental value” of the property and not on the “highest and best use”; (2) that condominium use is a prohibited use of the property; and (3) that appellees breached the lease agreement when they failed to submit an appraisal prepared in accordance with the express terms of paragraph 24. Appellees answered and filed a counterclaim also alleging a beach of the agreement, but one that was caused by appellant’s alleged failure to abide by the terms of paragraph 24.
 

 Ultimately, the trial court granted a partial summary judgment in appellees’ favor relying heavily on the affidavit of appel-lees’ appraiser that was attached, along with the appraisal, to their motion for summary judgment and purported to “explain” the general appraisal methodologies commonly used by all appraisers. Based on the affidavit, the trial court concluded that the provisions of paragraph 24 are “clear and unambiguous” and “do[ ] not require ... a particular approach or method of determining value by the professional ap
 
 *836
 
 praisers.” Because we conclude that the language of paragraph 24 is patently ambiguous, we disagree.
 

 At issue is the parties’ intent when they used the language in paragraph 24 regarding the appraisal method. Ordinarily, “in the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the words used in the contract, without resort to extrinsic evidence.”
 
 Lee v. Montgomery,
 
 624 So.2d 850, 851 (Fla. 1st DCA 1993) (citation omitted). Further, whether an ambiguity exists in the language of a contract is a question of law to be decided by the court.
 
 Wheeler v. Wheeler, Erwin & Fountain, P.A.,
 
 964 So.2d 745, 749 (Fla. 1st DCA 2007) (citation omitted);
 
 Centennial Mortgage, Inc. v. SG/SC, Ltd.,
 
 772 So.2d 564, 565-66 (Fla. 1st DCA 2000) (citation omitted). Accordingly, our standard of review is de novo.
 
 Centennial Mortgage,
 
 772 So.2d at 566.
 

 In two consecutive sentences in paragraph 24, the parties used two different terms to describe value. The first sentence refers to “current fair rental value.” However, the very next sentence refers to “fair market value” in purporting to declare “the intent” of the preceding sentence. Exercising our power of de novo review of this language, we conclude that the foregoing references to two distinct and seemingly disparate concepts of appraisal create a patent ambiguity in the language of the agreement. It is clear that the trial court resorted to extrinsic evidence in the form of the appraiser’s affidavit to resolve this ambiguity in an effort to determine the parties’ intent. To do so was improper because the ambiguity renders the parties’ intent a question of fact that must be resolved by the trier of fact.
 
 Id.
 
 (citation omitted).
 
 See also Wagner v. Wagner,
 
 885 So.2d 488, 492 (Fla. 1st DCA 2004) (citation omitted).
 

 Accordingly, we reverse the trial court’s “Order Granting Defendant’s [sic] Motion for Summary Judgment” and the “Final Judgment for Damages and Order Denying Motion for Entitlement to Attorney’s Fees,” and remand the case for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED, with directions.
 

 DAVIS and LEWIS, JJ., concur.