[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13294

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:08-cv-62080-FAM

HANDI-VAN INC.,
VILLAGE CAR SERVICE, INC.,

Plaintiffs - Appellants,

versus

BROWARD COUNTY FLORIDA,
ILENE LIEBERMAN, individually and in her official capacity,
KRISTIN JACOBS, individually and in her official capacity,
LOIS WEXLER, individually and in her official capacity,
SUE GUNZBURGER, individually and in her official capacity, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2011)

Before PRYOR and COX, Circuit Judges, and PANNELL,[*] District Judge.

PER CURIAM:

This appeal is from a judgment against a complaint for retaliation, breach of contract, and violation of the Contracts Clause, U.S. Const. art. I, § 10, cl. 1, regarding the administration of public transportation services for disabled passengers. Handi-Van and Village Carry, both former contractors of Broward County, Florida, sued the County and several of its officials. None of the arguments of Handi-Van and Village Carry have any merit. We affirm.

## I. BACKGROUND

Handi-Van and Village Carry are companies that formerly contracted with Broward County, Florida, to provide paratransit services for disabled residents of the County who are unable to use other public transit services. Handi-Van, Village Carry, and several other companies in 2001 entered contracts with the County that were scheduled to terminate at the end of 2006. When the County solicited new contracts that were scheduled to become effective in 2007, the County believed that its paratransit program was governed by federal regulations that provided a contracting goal for disadvantaged business enterprises. Handi-

[*] Honorable Charles A. Pannell, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

Van and Village Carry did not qualify as disadvantaged business enterprises or otherwise comply with the contracting goal.

The County entered new contracts with contractors that had complied with the contracting goal for disadvantaged business enterprises, but the County extended its 2001 contracts with Handi-Van and Village Carry while the County determined whether it was bound by the contracting goal. The County learned in October 2007 that it was not required to implement the contracting goal, but by then the County had new disputes with Handi-Van and Village Carry unrelated to the contracting goal.

Handi-Van and Village Carry sued the County in January 2008 and alleged that the contracting goal was unconstitutional, but the parties soon reached a settlement. They agreed to terms of new contracts, and Handi-Van and Village Carry dismissed their lawsuit.

Before the County executed the new contracts with Handi-Van and Village Carry, the County Commission received a gloomy financial report at a meeting held on February 5, 2008. The paratransit program was the largest contractual expense for the County, and the Commission voted at the meeting to terminate all paratransit contracts "for convenience" pending negotiation of new contracts even though the contracts provided a termination date of 2012. The County

3

nevertheless executed contracts with Handi-Van and Village Carry on February 26, 2008.

The contracts that Handi-Van and Village Carry entered provided that the County would receive for each ride provided to a disabled passenger "a rider's fare plus the County's reimbursement portion. Rider's fare collected is retained by Contractor." The contracts also provided that the "County shall determine the client fare structure for each service trip. County retains the right to implement, and Contractor shall comply with, any fare adjustments deemed appropriate by County." The contract did not address whether any decrease or increase in the rider's fare affected the County's reimbursement portion. On May 1, 2008, the County raised the rider's fare by fifty cents and decreased the County's reimbursement portion by fifty cents.

The contracts also required that Handi-Van and Village Carry comply with a living wage ordinance, which required contractors to pay wages higher than the federal minimum wage and provided that "[t]he living wage . . . shall be annually indexed to inflation." Broward County, Fla., Code § 26-102(c) (2008). The contracts provided that Handi-Van and Village Carry would "receive an annual rate increase on October 1 of each calendar year to coincide with the annual increase in the hourly Living Wage as determined by the County." The County

4

did not raise the living wage in 2008, despite a rate of inflation of 5.8 percent, and the County did not increase its reimbursement rate.

The County solicited bids for new paratransit contracts in 2009 and awarded the new contracts to the lowest bidders. Handi-Van and Village Carry were among the highest bidders, and the County did not award them contracts.

Handi-Van and Village Carry filed a complaint against the County and various county officials, and alleged, among other claims, retaliation and breach of contract. The district court dismissed a count brought under the Contracts Clause for failure to state a claim. The district court later granted summary judgment in favor of the County and against the claim for retaliation and two claims for breach of contract. The district court dismissed the remaining claim for breach of contract as to all defendants except the County and remanded that claim to state court.

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. "'We review <u>de novo</u> the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.'" <u>Ironworkers Local Union 68 v. AstraZeneca Pharm., LP</u>, 634 F.3d 1352, 1359 (11th Cir. 2011) (quoting <u>Am.</u>

Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). We also review a summary judgment de novo. Beach Cmty. Bank v. St. Paul Mercury Ins. Co., 635 F.3d 1190, 1194 (11th Cir. 2011). We review for abuse of discretion a decision to decline to exercise supplemental jurisdiction over claims under state law. Estate of Amergi ex rel. Amergi v. Palestinian Auth., 611 F.3d 1350, 1366–67 (11th Cir. 2010).

## III. DISCUSSION

We divide this discussion in five parts. First, we discuss the retaliation claim. Second, we address the claim that the County breached its contracts with Handi-Van and Village Carry when it reduced its reimbursement rate to correspond with an increase in the rider's fare. Third, we discuss whether the County breached the contracts when it did not index the reimbursement rate to inflation. Fourth, we address the claim that Handi-Van and Village Carry raise under the Contracts Clause. Fifth, we discuss whether the district court abused its discretion when it remanded the remaining claim to state court.

### A. Handi-Van and Village Carry Waived Any Argument of Retaliation Under the First Amendment.

Handi-Van and Village Carry argue that the district court erred when it granted summary judgment against a claim that the termination of their contracts

6

was retaliatory, but Handi-Van and Village Carry argue on appeal a different legal basis for this claim than they presented to the district court. The district court correctly read the complaint to allege a claim for retaliation under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, but Handi-Van and Village Carry now argue that the alleged retaliation violated the First Amendment of the Constitution. Although Handi-Van and Village Carry made a passing reference to Pickering v. Board of Education, 391 U.S. 563, 88 S. Ct. 1731 (1968), at the hearing on the motion for summary judgment, they did not allege a claim under the First Amendment. Handi-Van and Village Carry waived any argument of error. See Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1352 (11th Cir. 2009).

*B. The County Did Not Breach the Contracts When It Reduced Its Reimbursement Rate to Correspond with an Increase in the Rider's Fare.*

Handi-Van and Village Carry argue that the district court erred when it relied on extrinsic evidence and concluded that the contracts were ambiguous as to whether the County could lower its reimbursement portion to correspond with an increase in rider's fare, but we disagree. The contracts contained a latent ambiguity under Florida law because they did not address whether the County or the contractors would receive the benefit of an increase in rider's fare. See Centennial Mortg., Inc. v. SG/SC, Ltd., 772 So. 2d 564, 565 (Fla. Dist. Ct. App.

7

2000). Because the contracts contained a latent ambiguity, the district court correctly examined extrinsic evidence. See id.; see also Hashwani v. Barbar, 822 F.2d 1038, 1040 (11th Cir. 1987). The County presented evidence that the parties intended for increases in rider's fare to be offset by decreases in the reimbursement portion of the County, and Handi-Van and Village Carry failed to produce any evidence to support a contrary reading of the contract. Handi-Van and Village Carry instead agreed that "[t]here's no dispute . . . as to what the extrinsic evidence would show[.]"

*C. Handi-Van and Village Carry Were Not Entitled to an Increase of the Reimbursement Rate When the Living Wage Ordinance Was Not Increased.*

Handi-Van and Village Carry contend that the reimbursement rate paid by the County automatically increased by operation of the living wage ordinance even though they did not increase the wages paid to their employees, but we disagree. The living wage increased in 2007 because the County raised the wage. The contract provided that increases in the reimbursement rate shall "coincide" with increases in the living wage, but the County did not require Handi-Van and Village Carry to increase the wages they paid to employees. The language in the contract that refers to any increase in the living wage "as determined by the County" would be unnecessary if the living wage and corresponding

8

reimbursement rates to contractors automatically increased.

### D. The District Court Correctly Concluded That the Claim That Alleged a Violation of the Contracts Clause Fails.

Handi-Van and Village Carry contend that the "unilateral termination of the present contract" by the County and County officials constituted a violation of the Contracts Clause of the Constitution, U.S. Const. art. I, § 10, cl. 1, but we again disagree. Handi-Van and Village Carry alleged nothing more than a breach of a contract, and they make no allegation that the County or County officials have insulated themselves from paying damages in an action for breach of contract. A state does not violate the Contracts Clause whenever it breaches a contract. "[W]hen a state repudiates a contract to which it is a party it is doing nothing different from what a private party does when the party repudiates a contract; it is committing a breach of contract." Horwitz-Matthews, Inc. v. City of Chicago, 78 F.3d 1248, 1250 (7th Cir. 1996) (Posner, J.) "If the duty [to pay damages] is unimpaired, the obligation of the contract cannot be said to have been impaired." Id. at 1251. See also Hays v. Port of Seattle, 251 U.S. 233, 237, 40 S. Ct. 125, 126 (1920); St. Paul Gaslight Co. v. City of St. Paul, 181 U.S. 142, 149, 21 S. Ct. 575, 578 (1901); TM Park Ave. Assocs. v. Pataki, 214 F.3d 344, 348–49 (2d Cir. 2000).

*E. The District Court Did Not Abuse Its Discretion When It Remanded the Remaining State Law Claim to State Court.*

Handi-Van and Village Carry argue that the district court abused its discretion when it remanded the remaining state law claim to state court following the dismissal or summary judgment against the complaint on all other claims, but this argument fails. The statute that governs supplemental jurisdiction authorizes district courts to "decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]his Court has noted that 'if the federal claims are dismissed prior to trial, [United Mine Workers v.] Gibbs[,383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966),] strongly encourages or even requires dismissal of state claims." Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (quoting L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984).

## IV. CONCLUSION

We **AFFIRM** the judgment in favor of the County and its officials.